**STATE, Appellee, v. JOINER, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6584. Decided November 13, 1945.

John D. Ellis, Cincinnati, Robert J. Paul, Cincinnati and Ralph E. Cors, Cincinnati for Appellee.
Melvin Schaengold, for Appellant.

**OPINION**

By MATTHEWS, J.:

The appellant was convicted in the Municipal Court of Cincinnati of speeding, in violation of section 74-57 of the Code of Ordinances, and was fined $10.00 and his driving license suspended for 10 days. Durng the ten days he was arrested and charged in the same court with driving an automobile while his license was suspended, in violation of §6296-29, GC. He was sentenced to the Cincinnati Work House for 60 days, fined $100.00 and his driver's license suspended for 1 year.

The appellant appealed from both convictions to the Common Pleas Court. In that court the two appeals were consolidated and upon hearing the court affirmed both convictions.

This appeal is from that judgment of affirmance.

It is contended that the State of Ohio has preempted the field as to granting and suspending driver's licenses and that, therefore, the Municipal Ordinance on that subject is void. In view of §6296-30, GC, we are of the opinion that we are not confronted with the necessity of determining whether there is any conflict between the state law and the Municipal Ordinance. By that section, it is enacted that:

"(b) Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle, in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of, all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it may determine, not exceeding the period of one year."

This section expressly confers power upon all courts of record to suspend a driver's license for not to exceed one year. The Municipal Court of Cincinnati is a court of record. And we think that an ordinance prohibiting speeding is an ordinance relating to reckless operation of an automobile within the meaning of the statute.

A somewhat more difficult problem is presented by the second conviction and suspension. It raises the question of wheather this statute providing for punishment for driving while the license is suspended is a law "relating to reckless operation" of an automobile.

It should be observed that §6296-29, GC, making it a misdemeanor to drive while the license is suspended, and §6296-30 GC, empowering all courts of record to suspend driver's licenses, are sections of the "Driver's License Law," which was enacted "To regulate the use of public highways." Their juxtaposition would also seem to indicate that the General Assembly thought it was dealing with related matters.

Certainly, the power to suspend for speeding has relation to reckless driving and, if so, the power to enforce the suspension has equal relevancy.

For these reasons, the judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS and ROSS, J. J., concur in syllabus opinion and judgment.