THE STATE OF OHIO, APPELLEE, *v.* PARKER, APPELLANT.

(No. 7209—Decided December 5, 1973.)

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Dennis J. Bartek,* for appellee.
*Mr. James L. Burdon,* for appellant.

MAHONEY, J. Appellant, Rudolph M. Parker, was convicted of manslaughter (R. C. 2901.06) by a jury, for the gunshot death of Lois Fletcher. At the time of sentencing, the trial court, over objection of defense counsel, imposed the enhanced penalty provided by R. C. 2947.30 upon the defendant.

From the judgment of conviction, the defendant has appealed asserting the following error:

"1. The Court denied the Defendant his right to trial by jury and his right to be informed of the charges against him when it sentenced Defendant pursuant to the provisions of Section 2947.30, Revised Code of Ohio even though the indictment contained no reference to said section.

"2. The verdict of guilty was against the manifest weight of the evidence."

R. C. 2947.30 provides as follows:

"Any person convicted of or pleading guilty to a violation of Section 2901.06 * * * of the Revised Code who had a firearm in his possession while committing the crime shall, in addition and consecutive to the sentence imposed for the commission of the crime, be imprisoned not less than one nor more than three years * * *."

"As used in this section, 'firearm' means any deadly weapon capable of ejecting or propelling one or more projectiles by the action of an explosive or combustible propellant, and includes unloaded firearms and firearms which are inoperable but which can readily be rendered operable."

Appellant contends that he has been denied a jury trial and his right to be informed of the nature and cause of the charges against him when the court imposed the sentence upon him without such "additional charge" having been set forth in the indictment and found by the trier of fact.

The indictment reads:

"* * * did unlawfully kill Lois Fletcher aka Millender, in violation of Section 2906.01 of the Revised Code of Ohio * * *."

The state contends that R. C. 2947.30 is mandatory and that it is not essential to "indict" him for the enhanced penalty, since the jury, to find him guilty of manslaughter (R. C. 2901.06), necessarily had to find that he had an operable gun in his possession because the victim died of a gunshot wound in the forehead.

This is a case of first instance in Ohio.

Ohio has several different types of enhanced penalty sections. Some of them provide for higher penalties for a second or third offense. R. C. 2941.11 provides that a prior conviction shall be set forth in the indictment. The case law requires the state to prove the prior conviction of the defendant and his identity beyond a reasonable doubt. (*State* v. *Winters*, 2 Ohio St. 2d 325; *State* v. *Gordon*, 28 Ohio St. 2d 45.)

Some statutes provide for enhanced penalties by reason of the value of the property involved: R. C. 2907.20 (Larceny); R. C. 2909.01 (Malicious Destruction of Prop-

erty) ; R. C. 2907.34 (Embezzlement). The finding of the value of the property by the trier of fact determines the classification of crime and, thus, the penalty.

Other statutes provide for discretionary driver's license suspension by the judge upon conviction (R. C. 4507,-16; R. C. 4507.34; R. C. 4511.99(N), etc.). These do not require any finding by the trier of fact. Still others provide for a higher penalty if certain facts contained in the charge are proven. (R. C. 4511.99(F), Speeding.)

It is further to be noted that R. C. 2947.30 was first effective September 5, 1972, and was repealed effective January 1, 1974, by the sweeping new criminal code. In the new code, many offenses are classified as greater classes of felony depending on whether or not the defendant had an operable weapon or dangerous ordnance in his possession at the time of the offense. The statutes are so drafted that possession of the operable firearm is a necessary element to be set forth in the indictment and proven by the state (R. C. Chapter 2911.) and so found by the trier of facts beyond a reasonable doubt.

In analyzing the statutes of the states of Arkansas and New Mexico which are cited in both briefs, we note that their statutes provide for enhanced penalties and determinations of fact to be made by the trier of facts.

We respectfully note that the indictment in this case does not notify the defendant that he is subject to an additional penalty, if he is found guilty and had possession of an operable firearm. Likewise, we can envision many situations where a person could be convicted under the various sections enumerated in R. C. 2947.30, without there being any proof or issue as to the possession of an operable firearm by the defendant.

We believe and hold that R. C. 2947.30 contemplates the proof of possession of the firearm, as well as its operability. Therefore, it is in effect a new crime, and such factual elements should be set forth in the indictment and found, by the trier of fact, by proof beyond a reasonable doubt.

We have reviewed the entire record, as to the second

assignment of error, and find that it is without merit. The transcript of proceedings reveals facts tending to prove each element of the offense of manslaughter from which the jury could find the defendant guilty of unlawfully killing Lois Fletcher. The record fails to reveal any error affecting any substantial right of the defendant, other than the error in imposing the additional sentence under R. C. 2947.-30. We find that the defendant had a fair and impartial trial before a competent judge and was represented by effective counsel.

Therefore, we hereby affirm the judgment of conviction on the charge of manslaughter in violation of R. C. 2901.06. We do hereby modify the sentence of the defendant, imposed subsequent to the judgment of conviction, by vacating that portion of the sentence which imposed an additional consecutive penalty of one to three years pursuant to R. C. 2947.30. We do further hereby affirm the judgment and sentence as so modified.

*Judgment accordingly.*

BRENNEMAN, P. J., and VICTOR, J., concur.