CITY OF COLUMBUS, APPELLEE, *v.* TYSON, APPELLANT.

(No. 82AP-988—Decided December 29, 1983.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien* and *David E. Tingley,* for appellee.

*Dale K. Perdue,* for appellant.

MOYER, J. This case is before us on the appeal of defendant-appellant, Frank E. Tyson, from a judgment of the Franklin County Municipal Court finding defendant guilty of violating Columbus City Ordinance 2113.01 and suspending defendant's driver's license for six months.

The parties have submitted an agreed statement of facts which reads as follows:

"On May 16, 1982 Appellant was involved in a motor vehicle collision at the intersection of College and Livingston in Columbus, Ohio. As a result, Appellant was charged with a violation of R.C. 2903.07 (Vehicular Homicide) and with a violation of Columbus City Ordinance 2113.01 (Red Light). Appellant pled not guilty to both charges, and the case was tried to a jury on October 21, 1982.

"Defense counsel stipulated that the death of the Decedent was a proximate result of the vehicular collision in question. Appellant admitted, on direct examination, that he was the driver of one of the motor vehicles involved in the collision.

"The jury returned a verdict of not guilty of the offense of vehicular homicide. The red light charge, being a minor misdemeanor, was not decided by the jury.

"The trial court found Appellant

guilty of the violation of Columbus City Ordinance 2113.01. The trial court then invoked R.C. 4507.34 and suspended Appellant's driver's license for six months pursuant thereto."

Defendant raises the following assignment of error in support of his appeal:

"For his one assignment of error, Appellant states that the trial court erred in invoking Revised Code 4507.34 in connection with Appellant's conviction for a red light violation under Columbus City Ordinance 2113.01."

In his brief, defendant raises four separate arguments in support of his assignment of error: (1) that R.C. 4507.34 is void for vagueness; (2) that the invocation of R.C. 4507.34 violated his due process rights since he did not receive sufficient notice of the offense with which he was charged; (3) that the application of R.C. 4507.34 violates the constitutional provision prohibiting double jeopardy; and (4) that the trial court erred in applying R.C. 4507.34 when defendant had not been convicted of an offense relating to reckless operation.

R.C. 4507.34 reads as follows:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

Thus, the issue is whether a conviction for violating Columbus City Ordinance 2113.01 by operating a motor vehicle through a red light is a conviction for an offense "relating to reckless operation."

Defendant's first argument, that R.C. 4507.34 is so vague that "men of ordinary intelligence must necessarily guess at its meaning * * *" (*Connally* v. *General Construction Co.* [1926], 269 U.S. 385, 391), is not well-taken.

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." (*United States* v. *Harriss* [1954], 347 U.S. 612, 617.)

R.C. 4507.34 does not forbid conduct; it merely gives the trial court discretion to suspend the license of a defendant who violates a statute or ordinance relating to reckless operation. Surely a person of ordinary intelligence is given fair notice by the Columbus City Ordinance that operating a motor vehicle through a red light is forbidden conduct. Thus, the ordinance forbidding defendant's conduct is not unconstitutionally vague. Furthermore, the legislature is not required to define every word it uses in a statute. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 62. As discussed *infra*, several Ohio cases have discussed and applied the phrase "relating to reckless operation" and a person of ordinary intelligence should not be surprised to discover that a trial court considers operating a motor vehicle through a red light and being involved in a fatal accident to be an offense relating to reckless operation of a vehicle.

Defendant's second argument is also not well-taken since the invocation of R.C. 4507.34 does not charge defendant with an offense in addition to the offense which defendant was charged with committing. R.C. 4507.34 merely sets forth a possible penalty which the trial court, in its discretion, may impose. Thus, the invocation of R.C. 4507.34 does not require the trier of fact to make any factual determination. *State* v. *Parker* (1973), 46 Ohio App. 2d 189, 191 [75 O.O.2d 339]. For this reason, defendant

was not entitled to receive notice of a separate and additional offense and the fact that defendant was unaware that license suspension was a possible additional punishment does not change this result.

Defendant's third argument is not well-taken since the constitutional double jeopardy provisions, which prohibit multiple punishments for the same offense (Fifth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; see *North Carolina* v. *Pearce* [1969], 395 U.S. 711, 717; *State* v. *Johnson* [1983], 6 Ohio St. 3d 420, 421), do not apply when the legislature has authorized the imposition of both punishments. *Missouri* v. *Hunter* (1983), 459 U.S. 359, 368-369; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]. R.C. 4507.34 clearly states that a defendant's license may be suspended "in addition to or independent of all other penalties provided by law."

The essence of defendant's fourth argument appears to be that his conviction for violating Columbus City Ordinance 2113.01 is not a conviction for an offense "relating to reckless operation," so it is not an offense which gives the trial court the authority to invoke R.C. 4507.34 and to suspend defendant's driver's license.

Defendant has argued that since the jury, in finding him not guilty of vehicular homicide, found him not guilty of negligently causing the death of another (R.C. 2903.07), he cannot be guilty of recklessness since recklessness involves a greater deviation from due care than does negligence. This argu-ment reveals defendant's mistaken interpretation of R.C. 4507.34. R.C. 4507.34 does not state that the trial court may suspend a defendant's license upon a finding that he has been reckless[1] and it does not provide that the trial court may suspend the license of a person who has been found guilty of violating the statute entitled "Reckless Operation of Vehicles." R.C. 4511.20.[2] If the legislature had intended to permit a trial court to invoke R.C. 4507.34 only when a person had acted recklessly or had violated the reckless operation statute, the legislature could have expressly so provided.

Instead, the General Assembly provided trial courts with discretion to suspend a defendant's driver's license when the defendant is found guilty of violating any law or ordinance "relating to reckless operation." The use of this phrase demonstrates the General Assembly's intent to give the trial court authority to invoke R.C. 4507.34 when a defendant is guilty of something less than recklessness, as defined in R.C. 2901.22, and when a defendant has been found guilty of violating laws and ordinances other than R.C. 4511.20 (reckless operation). In *Akron* v. *Willingham* (1957), 166 Ohio St. 337, 338 [2 O.O.2d 248], the Ohio Supreme Court stated that the use of the plural terms "laws" and "ordinances" indicates the legislature's intention to permit the trial court to invoke R.C. 4507.34 when a defendant has been convicted of violating laws and ordinances other than R.C. 4511.20.

The Ohio Supreme Court held, in *Willingham, supra,* that the violation of

---

[1] "Reckless" is defined in R.C. 2901.22(C) as follows: "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. * * *"

[2] The reckless operation statute in effect at the time of defendant's trial read as follows: "[n]o person shall operate a vehicle, trackless trolley, or streetcar on any street highway without due regard for the safety of persons or property." R.C. 4511.20 now requires willful and wanton disregard for the safety of persons or property.

an ordinance prohibiting speeding was the violation of an ordinance "relating to reckless operation." See, also, *State* v. *Joiner* (1945), 77 Ohio App. 298, 300 [33 O.O. 53], in which the Hamilton County Court of Appeals held that driving while one's driver's license is suspended is also an offense relating to reckless operation.

Finally, this court held, in *Columbus* v. *Jackson* (July 1, 1982), Franklin App. No. 82AP-244, unreported, that an ordinance prohibiting the operation of a motor vehicle without exercising reasonable and ordinary control is an ordinance relating to reckless operation because "a reasonably prudent person would not operate a vehicle without exercising reasonable and ordinary control over the vehicle." Likewise, we believe that a reasonably prudent person would not disobey or drive through a red light and that an ordinance prohibiting such conduct is an ordinance "relating to reckless operation" since it was presumably enacted to discourage the reckless operation of motor vehicles. Defendant's fourth argument is accordingly not well-taken.

For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MCCORMAC, JJ., concur.