**CITY OF COLUMBUS, Appellee,**

v.

**MUNSON, Appellant.**

[Cite as *Columbus v. Munson* (1991), 68 Ohio App.3d 850.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–662.

Decided Dec. 31, 1991.

Ronald J. O'Brien, City Attorney, Marcee C. McCreary, City Prosecutor, and *Brenda J. Keltner,* for appellee.

*Tyack & Blackmore, Thomas M. Tyack* and *Angela F. Albert,* for appellant.

BOWMAN, Presiding Judge.

On February 28, 1991, appellant, Donna J. Munson, was driving her car on Cooke Road when she came up over a hill, saw stopped vehicles in front of her, tried to stop, was unable to do so and struck three vehicles. At the time

of the accident, appellant had an operator's license, but did not have any insurance.

Appellant was charged with a violation of Columbus City Code Section 2133.03, assured clear distance ahead, and a violation of Columbus City Code Section 2135.07, driving under suspension or revocation.

On May 16, 1991, appellant appeared in the Franklin County Municipal Court and entered a no contest plea to the offense of assured clear distance ahead and agreed to a $100 bond forfeiture and to an amended charge of no operator's license. Prior to accepting appellant's no contest plea, the court advised appellant that, by admitting the truth of the statements contained in the complaint, she would be found guilty and subject to a possible $100 fine, court costs and two points on her driving record. The court also explained that it could find the matter related to reckless operation of a motor vehicle and suspend all driving privileges for a period of one year.

After appellant stated that she understood the consequences of her plea, the court accepted the no contest plea and found appellant guilty of failing to stop within the assured clear distance ahead. The court then determined that, since an injury was involved, the matter related to reckless operation of a motor vehicle. The court inquired as to the nature of the injury received by the other person and, when he discovered that it was a soft tissue injury, stated that, after two years, he was still having problems with a soft tissue injury he had sustained and that, although he had not been hospitalized, he had $10,000 worth of medical treatment.

The court inquired why appellant did not have insurance coverage at the time of the accident and appellant replied that she could not afford insurance but that she had been in the process of trying to get the money together for it. At the time of sentencing, appellant had obtained insurance, taken a remedial driving course and made arrangements with the insurance companies of the other drivers to make restitution for the damages. The court then admonished her that she should not have been driving unless she had insurance. The court then stated:

"* * * I'm part of a growing number of judges in the public who are getting increasingly fed up with people that drive without insurance and cause accidents and do not have the appropriate wherewithal to take care of things.

"* * *

"THE COURT: I'm going to take it now anyway, because she didn't have insurance coverage at the time of the offense. That's a factor in the Court passing sentence. I can consider driving privileges in the future. I'm not going to do it right now. *No insurance, no driving.*" (Emphasis added.)

The court then sentenced appellant to a one-year driver's license suspension, a $100 fine and court costs. The court summarily denied appellant's request for occupational driving privileges and stated that appellant had to surrender her driver's license to the court and it would deal with the restoration of driving privileges later.

Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred when it related defendant's conviction of assured clear distance ahead to the offense of reckless operation of a motor vehicle."

In this assignment of error, appellant asserts that the trial court erred when it related her conviction for assured clear distance ahead to the offense of reckless operation of a motor vehicle.

R.C. 4507.34 provides:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

In *Columbus v. Tyson* (1983), 19 Ohio App.3d 224, 225, 19 OBR 374, 375, 484 N.E.2d 155, 156, this court stated that R.C. 4507.34 "gives the trial court discretion to suspend the license of a defendant who violates a statute or ordinance relating to reckless operation." Thus, although the statute does not forbid conduct, it sets forth a possible penalty which the trial court, in its discretion, may impose. See *State v. Parker* (1973), 46 Ohio App.2d 189, 75 O.O.2d 339, 347 N.E.2d 546.

■ In reviewing the trial court's decision in this case, this court is to determine whether the trial court abused its discretion when it related appellant's conviction for failure to maintain the assured clear distance ahead to the offense of reckless operation, thus suspending her driving privileges for a year. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

In support of the trial court's decision, appellee cites *Columbus v. Skaggs* (Oct. 17, 1985), Franklin App. No. 84AP–485, unreported, 1985 WL 10468, and

*State v. Tufts* (May 1, 1984), Franklin App. No. 83AP–147, unreported, 1984 WL 5729.

In *Skaggs*, appellant's vehicle skidded off an icy road and hit the guardrail, causing both Skaggs and his daughter to sustain head injuries. Skaggs fled the scene, but his vehicle eventually broke down. Skaggs was charged with operating a motor vehicle while intoxicated ("OMVI"), and with violating Columbus City Code Section 2131.33, failure to control. Although a jury found Skaggs not guilty of the OMVI charge, the trial court found Skaggs guilty of failure to control and, based upon Skaggs' motor vehicle arrest record and his failure to control his vehicle, the court imposed a one-year driver's license suspension pursuant to R.C. 4507.34.

In *Tufts*, the defendant turned the wrong way on a divided four-lane highway with a median strip approximately eight feet wide and covered with grass two and one-half to three feet high. In addition, the eastbound lanes of the divided highway were higher in elevation than the westbound lanes. The defendant, who was proceeding east in the westbound lanes, traversed the road for slightly more than a minute when he collided head-on with another vehicle under a red light. At the time of the accident, there was a deputy sheriff stopped at the same light who had his bright lights, beacons, and spotlights flashing to notify defendant that he was going in the wrong direction. Defendant pled guilty to the left of center charge and a jury found him not guilty of OMVI. The trial court then fined defendant $100 and suspended his driving privileges for one year. The trial court indicated that it imposed this sentence based on defendant's prior record and the facts of the case.

■ This court finds that *Skaggs* and *Tufts* are distinguishable from the case at bar. In both *Skaggs* and *Tufts*, the defendants' operation of their motor vehicles reflected a blatant disregard for the rights and safety of others. In this case, however, there is no evidence that appellant's speed was excessive for the road conditions, nor was her driving such that it constituted a clear safety hazard to her fellow drivers. In addition, unlike in *Skaggs* and *Tufts*, there is no evidence that alcohol was involved, nor is there any indication that appellant had a prior record of traffic violations.

R.C. 4507.34 does not give a trial court carte blanche to consider every traffic violation case related to reckless operation. In order to relate an offense to reckless operation, there needs to be some substantive evidence of the individual's recklessness. R.C. 2901.22(C) defines "recklessness" and states:

" * * * A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

There is no evidence in this case that, by coming up over a hill, seeing the stopped vehicles and trying to stop but not doing so, appellant acted in a reckless manner. Although some violations of assured clear distance ahead may relate to reckless operation, the facts of this case indicate that this is not one of those cases. There was no evidence before the trial court which should compel it to invoke R.C. 4507.34 other than the fact that the trial judge experienced a similar accident himself. In fact, the record indicates that the trial court related the offense to reckless operation because appellant did not have insurance. The penalties set forth in R.C. 4507.34 may not be invoked based on whether or not the accused has insurance and may only be invoked for the operation of the vehicle.

For the foregoing reasons, this court finds that the trial court's decision in relating appellant's violation of assured clear distance ahead to reckless operation was unreasonable and arbitrary. Accordingly, because the trial court abused its discretion, appellant's assignment of error is well taken and is sustained. Appellant's conviction for assured clear distance is affirmed, but the judgment is modified to delete her one-year driver's license suspension, pursuant to R.C. 4507.34, and the cause is remanded for implementation and execution of the modified judgment.

*Judgment modified*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.