The STATE of Ohio, Appellee,

v.

PESSEFALL, Appellant.

[Cite as *State v. Pessefall* (1993), 87 Ohio App.3d 222.]

Court of Appeals of Ohio,
Hocking County.

No. 92 CA 24.

Decided April 15, 1993.

*John T. Wallace,* for appellant.

*Jeffrey F. Bender,* Assistant Prosecuting Attorney, for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment of conviction and sentence imposed by the Hocking County Municipal Court upon Stephen R. Pessefall, appellant herein, following a no contest plea to a second offense of speeding within one year, in violation of R.C. 4511.21(D)(1), a fourth-degree misdemeanor. The following errors are assigned for review:

"Assignment of Error One

"The trial court erred when it related appellant's conviction on a speeding ticket to reckless operation of a motor vehicle when appellant was only going fifteen miles over the limit on an empty, four lane, limited access highway which was dry with good visibility.

"Assignment of Error Two

"The trial court erred by suspending appellant's license pursuant to Section 4507.34 of the Ohio Revised Code, based on the appellant's prior record, and when the facts of the instant offense do not relate to reckless operation.

"Assignment of Error Three

"The trial court erred in conditioning appellant's occupational driving privileges upon appellant equipping his vehicle with cruise control."

The facts pertinent to this appeal are not in dispute. On October 6, 1992 at 3:00 p.m. on U.S. Route 33 in Hocking County, appellant was cited by State Highway Patrol Trooper L.R. Gray for a second offense of operating a motor vehicle at a speed of seventy miles per hour in violation of R.C. 4511.21(D)(1), which proscribes speeding in excess of fifty-five miles per hour upon a street or highway.

Appellant appeared in the court below and entered a plea of no contest. After an explanation of circumstances pursuant to R.C. 2937.07, the court found appellant guilty. The citation issued by the officer states that at the time of the offense the pavement was dry, traffic was light in same direction, the area of the violation was rural and U.S. Route 33 was a four-lane divided highway. With respect to the explanation of circumstances the following occurred:

"THE COURT: I'll accept your plea. The matter comes on for trial to the Court. Explanation of circumstances, please?

"UNIDENTIFIED INDIVIDUAL: Your Honor, this is Trooper Gray's citation. The Defendant was observed driving north on U.S. 33 near mile post 10 in a two-door Firebird. The speed was checked on moving radar as 70 miles per hour in a 55 zone.

"THE COURT: Thank you. I do find you guilty. I do find that it relates to reckless operation.

"Do you care to make a statement in mitigation, Mr. Pessefall?

"THE DEFENDANT: There was no other traffic in the area. I was northbound on 33. I was the only car within my front or rear sight. And the State patrolman was southbound on 33. And he also was alone, the only southbound traffic I was able to see."

It was further disclosed that appellant had seven speeding violations in the past as well as an OMVI violation.

The court utilized a form entry in imposing judgment. The entry, briefly summarized, provides, *inter alia*, the following. The violation was found to relate to reckless operation. A fine of $100 was imposed with no part suspended. A sentence of twenty days in jail was imposed with twenty days suspended. Appellant's operator's license was suspended for one hundred days with ninety days suspended. Appellant was granted the right to drive to and from employment and to and from school.

A probation period of two years was imposed and the probation portion of the entry provided that "the foregoing sentence shall be suspended as set forth under the heading 'Amount Suspended' above shall be deferred as noted above, on the following terms and conditions." In addition to usual probation conditions of being a law-abiding citizen, and payment of the costs, the entry provided the additional following probation conditions.

"[x] other: Obtain & utilize cruise control for vehicle operated.

" * * *

"[x] Complete remedial driving course."[1]

---

1. The requirement of completion of a remedial driving course is not an issue in this appeal.

The first two assignments of errors are interwoven and will be jointly considered. A second offense violation of R.C. 4511.21(D)(1) is a fourth-degree misdemeanor, so that pursuant to R.C. 2929.21(B) and (C), the maximum sentence is thirty days imprisonment and a fine of $250. The General Assembly has not provided a driver's license suspension for a R.C. 4511.21(D)(1) violation except when R.C. 4507.34 is applicable, which section reads as follows:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, *relating to reckless operation,* the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading to such offenses for such period as it determines, not to exceed one year." (Emphasis added.)

The court below utilized this section to impose the license suspension which is in issue in this appeal. This section has been frequently litigated. A seminal case is *Akron v. Willingham* (1957), 166 Ohio St. 337, 2 O.O.2d 248, 142 N.E.2d 653. The court therein discussed the relationship of R.C. 4511.20, in the form then in effect, which proscribes reckless operation of vehicles, and R.C. 4507.34 by stating the following, at 338–339, 2 O.O.2d at 248–249, 142 N.E.2d at 653:

"Since Section 4507.34, Revised Code, hereinbefore quoted, refers to 'laws,' 'ordinances,' and 'offenses' in the plural, it was clearly not the intention of the General Assembly to relate 'reckless operation' to Section 4511.20 only. A law or ordinance prohibiting speeding is a prohibition 'relating to reckless operation' of a motor vehicle within the meaning of Section 4507.34, *supra,* and authorizes suspension of a driver's license.

"By Section 6296–30, General Code (now Section 4507.34, Revised Code), all courts of record are empowered to suspend drivers' licenses for not exceeding one year upon conviction of the violation of laws and ordinances relating to reckless driving. See *State v. Joiner, supra* [ (1945), 77 Ohio App. 298, 33 O.O. 53, 66 N.E.2d 161].

"This court is of the opinion that defendant's plea of guilty to a charge of unlawfully operating a motor vehicle 'at the rate of 60 miles per hour, in a 25–mile zone, such speed being greater than was reasonable and proper, having due regard to the traffic, surface, and width of said street, and other conditions then existing, in violation of Section 79, Chapter No. 24, Code of the City of Akron,' is an admission that he was driving without 'due regard' for the rights of others."

R.C. 4511.20 was amended subsequent to *Willingham,* and now reads as follows: ■■■■■

"No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."

It is self-evident that a trial court is without carte blanche discretionary authority to suspend a license via R.C. 4507.34 for all traffic violations. Rather, the General Assembly intended to confer such authority only when the law violated relates to "reckless operation." While proof of a violation of R.C. 4511.20 is not required, *Columbus v. Tyson* (1983), 19 Ohio App.3d 224, 19 OBR 374, 484 N.E.2d 155, there must be something in the driver's operation of the vehicle that indicates recklessness in some form. In *State v. Hartman* (1987), 41 Ohio App.3d 142, 144, 534 N.E.2d 933, 935, fn. 3, the court observed the following:

"That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and *all* the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." (Emphasis *sic*.)

That a speeding violation may be of a reckless character is beyond question. *Willingham, supra* (sixty miles per hour in a twenty-five-mile-per-hour zone); *Mayfield Hts. v. Spreng* (Aug. 13, 1987), Cuyahoga App.No. 52426, unreported, 1987 WL 15661 (one hundred eighteen miles per hour in a fifty-five-mile-per-hour zone). However, in determining whether the violation relates to reckless operation, the facts surrounding the violation must be examined.

In this case, the speed was not grossly excessive, *i.e.*, seventy miles per hour in a fifty-five-mile-per-hour zone. Cf. *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481, wherein the court viewed a speed of sixty-five miles per hour in a fifty-mile-per-hour zone as "nominal excess." More important, the violation was in the daytime with extremely light traffic present, and no alcohol was involved. In short, there was no clear safety hazard to other users of the highway. R.C. 2901.22(C) defines "recklessness" by stating, "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The standard by which we review the discretionary suspension of appellant's license is the abuse of discretion standard. *Columbus v. Munson* (1991), 68 Ohio App.3d 850, 589 N.E.2d 1390. Given the fact that there is no substantial evidence of reckless action in committing the violation, we are persuaded the court abused its discretion. The first assignment of error is sustained. It is not apparent whether the court improperly considered appellant's prior driving record in imposing the license suspension instead of considering only the circumstances of the offense being prosecuted. In any event, since

we hold that the suspension was improper, the second assignment of error is in any event moot and is overruled for that reason.

It is argued under the third assignment of error that the probation condition of obtaining and utilizing a cruise control device is invalid. It is manifest that the court was well intentioned in imposing the condition and was seeking to prevent further speeding violations by appellant. Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides that "[i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension."

In *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 471, the court stated the following:

"In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."

Facially, the probation condition here considered meets these criteria and thus the condition is valid. There is, however, a further requirement that while a condition need not be drawn with sufficient specification in all possible circumstances, it must be clear enough to notify the defendant of the conduct expected of him and so drawn as to prevent arbitrary enforcement. *Jones, supra.*

The condition is cryptic in the wording "[o]btain & utilize cruise control for vehicle operated." Does that mean that a cruise control must be installed only in a vehicle owned by the defendant or in the principal vehicle operated by defendant? Did the court intend that, even though appellant is licensed to drive in Ohio and the court is without authority to directly suspend his license for the speeding violation, that the restriction operate in effect as a suspension of appellant's driver's license for all vehicles not equipped with a cruise control? Arguably, appellant will risk imposition of the suspended jail sentence if he operates a vehicle of a rental agency or of a family member or friend if it is not equipped with a cruise control device.

The court simply did not delineate the scope of its order or give guidance to appellant and the probation officer for determining when the probation condition is violated. We therefore hold that the probation condition is vague and overbroad and, for those reasons, is invalid. In so deciding we do not hold that a narrowly drawn restriction of the type here considered would never pass muster.

We do not decide that issue under the facts herein. The third assignment of error is sustained.

Having sustained appellant's first and third assignments of error, we reverse the judgment and render final judgment in favor of appellant as to the driver's license suspension and cruise control condition of probation.

*Judgment reversed.*

HARSHA, P.J., and GREY, J., concur.