OPINION
Defendant-appellant Randall L. Miller appeals the September 18, 1998, final Judgment Entry of the Delaware Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE
During the evening of July 4, 1998, appellant, who was driving a 1984 truck, was traveling in one of the southbound lanes of U.S. 23 in a rural area. U.S. Route 23 has two lanes for southbound vehicles. The appellant was immediately behind a vehicle driven by Karl Rydell and they were in the left or "fast" lane. There is also a center turn lane. The pavement was dry and the weather conditions favorable. The posted speed limit was 55 miles per hour. When Karl Rydell, the driver of the vehicle in front of appellant applied his brakes, appellant changed lanes and proceeded to speed up to pass the other vehicle. As appellant sped up, the other vehicle did the same. When appellant attempted to pass the other vehicle and return to the left lane, appellant's tire came into contact with the vehicle he was passing, hitting Rydell's car on the front passenger door and pushing Rydell into the turn lane and causing minor damage to both vehicles. Shortly thereafter at a traffic light, appellant spoke with Rydell and when told by Rydell of the collision, blamed the same on Rydell. Appellant then left the scene and called the State Highway Patrol, which advised him to return to the scene of the crash. Appellant, on July 6, 1998, was cited for a violation of R.C. 4511.33, changing lane of travel without first ascertaining that such movement can be made with safety. After appellant pleaded not guilty, a trial was held before the Municipal Court Magistrate on August 10, 1998. Both Rydell and appellant testified at trial. No other witnesses testified. The Magistrate, on August 10, 1998, filed a decision recommending that the appellant be found guilty of violating R.C. 4511.33, and recommending that appellant pay a $100.00 fine and have his operator's license suspended for 90 days. Appellant, on August 17, 1998, filed a Request for Findings of Fact and Conclusions of Law. An Amended Magistrate's Decision containing the same was filed on August 24, 1998. The Magistrate, in his amended decision, stated that while he found Rydell to be generally truthful and honest, he found appellant "to be generally untruthful — in particular because his testimony about how close he was initially following Mr. Rydell differed vastly from the physical evidence (speed, feet/sec., etc.)." In addition to recommending that appellant be found guilty of violating R.C.4511.33(A), the Magistrate further recommended that, pursuant to R.C. 4507.34, appellant's actions be found to be related to reckless operation since they were done deliberately and in wanton and wilful disregard of the safety of persons or property on the road. The Magistrate specifically stated in his findings of fact as follows: "Rydell applied his brakes a couple of times in an effort to get the large truck-type vehicle [driven by appellant] to back off of this tail. The large truck-type vehicle did not back off. Instead, it veered violently into the right lane. Rydell accelerated and the large truck-type vehicle accelerated even with Rydell's vehicle, and then swerved into Rydell's lane striking Rydell's vehicle in the front passenger door with its rear driver's side tire and forcing Rydell from his lane into the middle lane."
Appellant, on September 4, 1998, filed objections to the Magistrate's Amended Decision. Pursuant to a Judgment Entry filed on September 18, 1997, the trial court approved the Magistrate's Decision without modification. It is from this Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED WHEN IT RELATED APPELLANT'S CONVICTION OF CHANGING LANES WITHOUT SAFETY TO THE OFFENSE OF RECKLESS OPERATION OF A MOTOR VEHICLE.
 THE TRIAL COURT'S SUSPENSION OF APPELLANT'S LICENSE PURSUANT TO OHIO REV. CODE SECTION 4507.34 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF RECKLESS OPERATION.
Since they are interrelated, the court shall address the assignments of error together.
Appellant, with respect to his assignments of error, argues that there was not sufficient competent, credible evidence to support the trial court's determination that his actions rose to the level of reckless operation pursuant to R.C. 4507.34 and that the trial court's suspension of appellant's driver's license pursuant to such section was against the manifest weight of the evidence. We disagree. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational tier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass 1967), 10 Ohio St.2d 230, syllabus 1. While appellant concedes that there was sufficient evidence for the trial court to find him guilty of violating R.C.4511.33, he asserts that there was insufficient evidence to find him guilty of violating R.C. 4507.34. Such section provides in relevant part, as follows: "Whenever a person is found guilty under the laws of this state or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for any period that it determines, not to exceed one year.
In order to relate an offense, such as appellant's violation of R.C. 4511.33, to reckless operation, there must be some substantive evidence of the individual's recklessness. City of Columbus v. Munson (1991), 68 Ohio App.3d 850. Pursuant to R.C.2901.22(c), a person acts recklessly "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
Applying the aforementioned standard to review to the case sub judice, we do not find, as a matter of law, that appellant's conviction for violating R.C. 4507.34 was based upon insufficient evidence. When viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of reckless operation as required by R.C. 4507.34. See Jenks, supra. There was competent credible evidence that appellant, who Rydell testified had been tailgating him, acted recklessly by violently veering into the opposite lane, speeding up in an attempt to pass Rydell and then swerving into Rydell's lane, striking his vehicle. Thus, it was not the fact that appellant changed lanes without safety, but rather the manner in which he did so that was the basis of the trial court's conclusion that appellant violated R.C.4507.34. There was, therefore, sufficient evidence independent of the mere fact of the collision between the vehicles that appellant acted in a manner constituting reckless operation. Moreover, the trial court's suspension of appellant's license pursuant to R.C. 4507.34 was not against the manifest weight of the evidence. There is no evidence that the trier of fact lost its way and created a manifest miscarriage of justice. The trier of fact was able to evaluate the credibility of the two witnesses' testimony and found appellant to be less than credible. After finding, based on the facts set forth above, that appellant's actions were done deliberately and in wanton and wilful disregard of the safety of persons or property on the road, the trial court found that appellant had violated R.C.4507.34 and suspended his driver's license for 90 days. Such decision is not against the manifest weight of the evidence. Accordingly, both of appellant's assignments of error are denied.
The judgment of the Delaware Municipal Court is affirmed.
By Edwards, J. John Wise, P.J. and Hoffman, Wm., J. concur