JOURNAL ENTRY AND OPINION
Defendant C. Brian Chauncey appeals from the judgment of the trial court which suspended his drivers license for one year. For the reasons set forth below, we affirm.
On July 7, 1998, defendant was stopped for speeding by Newburgh Heights police officer Kevin Powell. Powell subsequently determined that defendant's driver's license had expired. Powell subsequently issued defendant citations for speeding and operation of a motor vehicle with an expired driver's license.
Defendant pleaded not guilty and the matter proceeded to trial to the court on September 9, 1998. The court found defendant guilty of both offenses and fined him $55 (suspended) and also suspended his driver's license for one year unless defendant could produce medical testimony that he is permitted to operate a motor vehicle.
Defendant subsequently filed a motion for the return of his drivers license in which he provided the court with a letter from his doctor. The letter indicated that defendant's back pain did not impede his ability to drive. The trial court denied the motion.
This court permitted defendant to file a delayed appeal and implemented a stay of the trial court's suspension. 2. Defendant assigns two errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED IN SUSPENDING BRIAN CHAUNCEY'S DRIVER'S LICENSE FOR ONE YEAR.
Within this assignment of error, defendant complains that the offenses for which he was convicted do not provide for the penalty of one year license suspension.[1] He therefore asserts that this penalty was erroneously imposed herein. The city prosecutor maintains, however, that this penalty is correct pursuant to R.C. 4507.34.
R.C. 4507.34 provides in relevant part as follows:
 "Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."
Pursuant to this section, a trial court may suspend a driver's license only when the driver's operation of the vehicle indicates recklessness in some form considering all of the circumstances surrounding the alleged offense. State v. Pessefall (1993),87 Ohio App.3d 222, 226, citing State v. Hartman (1987);41 Ohio App.3d 142, 144.
In Maple Heights v. Gabarik (Aug. 24, 1998), Cuyahoga App. No. 74234, unreported, this court upheld a one year license suspension invoked pursuant to this statute and stated:
 Although the statute does not forbid specific conduct, it gives the trial court discretion to impose a penalty. See State V. Parker (1973), 46 Ohio App.2d 189, 347 N.E.2d 546.
* * *
 A review of the case law indicates the majority of courts have found reckless operation where the operation of a motor vehicle reflects "a blatant disregard for the rights and safety of others" or the driving "constituted a clear safety hazard to * * * fellow drivers." City of Columbus v. Munson,
[(1991), 68 Ohio App.3d 850] supra, at 853, 589 N.E.2d 1390.
In State v. Pessefall, supra, at 226. the court stated that it is beyond question that a speeding violation may be of a reckless character. The court noted, however, that the facts surrounding a speeding violation must be examined in order to determine whether the offense could "relate to reckless operation" within the meaning of this statute. Id. The court held that this penalty would not be upheld where the speeding was not grossly excessive and there is very little other traffic in the area. Id.
In this instance, defendant has not provided us with a transcript or other record of the trial evidence. We are therefore compelled to apply the presumption of regularity and conclude that no abuse of discretion occurred herein. We must therefore overrule this assignment of error.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED BY FAILING TO MAKE A RECORD OF THE TRIAL PROCEEDING.
Within this assignment of error, defendant complains that the mechanism by which the trial court undertook to record the proceedings produced an indecipherable, one page trial transcript.
In Bay Village v. Daley (Oct. 27, 1994), Cuyahoga App. No. 66249, unreported, this court analyzed the trial court's duty to record trial proceedings and stated as follows:
Crim.R. 22 provides:
 In serious offense cases all proceedings shall be recorded.
 In petty offense cases all waivers of counsel required by Rule 44 (D) shall be recorded, and if requested by any party all proceedings shall be recorded.
 Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device.
 A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D).
 The means by which proceedings before a court may be recorded have been previously set forth in Crim.R. 22.
Moreover, M.C.Sup.R. 8(A) provides:
 Recording Devices. Proceedings before any court and discovery proceedings may be recorded by stenographic means, by phonogramic means, by photographic means, by the use of audio electronic recording devices, or by the use of video recording systems. The administrative judge may order the use of any method of recording authorized by this rule.
 Because a violation of Bay Village Ordinance § 537.03 is punishable by a maximum term of imprisonment of six months and a one thousand dollar fine, appellant's conviction for assault is a "petty offense." See, Bay Village Ordinance § 501.99. Under Crim.R. 22, proceedings involving petty offenses need not be recorded unless such is requested by a party to the proceeding. State v. Gaetano (1974), 44 Ohio App.2d 233, paragraph two of the syllabus; State v. Dickard (1983), 10 Ohio App.3d 293, 294.
 In Dickard, this court set forth the procedures used when a request to record proceedings is made. We stated: In municipal courts, a pretrial request by a party for recordation is notice to the court that it must select a means of recordation acceptable under M.C.Sup.R. 8(A). In the event that the court does not choose to appoint its own reporter, pursuant to R.C. 1901.33, for economic reasons or otherwise, or to tape record the proceedings, the requesting party properly may be ordered by the court to procure its own reporter, whose expenses will be borne by the losing party.
Id., paragraph one of the syllabus.
In this matter, defendant was not charged with "serious offenses" within the meaning of Crim.R. 22 since he faced a maximum sentence of thirty days. Recordation was not mandated and there is no indication that it was requested.
Further, in State v. Osborne (1976), 49 Ohio St.2d 135, 142,359 N.E.2d 78, death penalty vacated on other grounds438 U.S. 911, 98 S.Ct. 3136, 57 L.Ed.2d 1155, the Ohio Supreme Court held that where the trial court records the proceedings in an experimental electronic manner and the record is of poor technical quality, there is no denial of due process when the defendant fails to seek to modify or correct the record by the remedies available under App.R. 9(E).
Further, App.R. 9(C) provides in pertinent part:
 (C) If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.
Thus, although the situation which defendant complains of herein presents a problem with which this court is concerned, we note that defendant failed to seek relief pursuant to App.R. 9. We therefore conclude that defendant was not deprived of procedural and substantive due process of law.
The second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. AND
MICHAEL J. CORRIGAN, J. CONCUR.
_____________________ ANN DYKE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] This court noted, however, that defendant was not authorized to drive unless he has a valid, unexpired driver's license.