DECISION AND JOURNAL ENTRY
Defendant-appellant, Eugene Roseling, appeals from an order of the Wayne County Municipal Court that suspended his driver's license for one year. We affirm.
On April 12, 1999, a criminal complaint against Defendant was filed in the Wayne County Municipal Court. The complaint alleged that on April 11, 1999, Defendant operated a motor vehicle while under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.19(A)(1), and recklessly operated a motor vehicle, in violation of R.C. 4511.20. Defendant pleaded not guilty to the charges.
On June 30, 1999, Defendant pleaded no contest to the reckless operation charge, and the operating a motor vehicle under the influence charge was dismissed. The trial court found Defendant guilty and fined him $100 and ordered him to undergo alcohol counseling. The trial court also suspended Defendant's driver's license for one year pursuant to R.C. 4507.34. Defendant timely appealed.
Assignment of Error
 THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A ONE YEAR LICENSE SUSPENSION WHERE THERE WAS NO EVIDENCE OF RECKLESS OPERATION OF THE VEHICLE BY DEFENDANT.
 In his sole assignment of error, Defendant argues that the trial court abused its discretion by ordering that his operator's license be suspended for one year under R.C. 4507.34. He contends that there is no evidence in the record that he operated his vehicle in a manner that endangered the safety of other persons.
R.C. 4507.34 states in relevant part:
 Whenever a person is found guilty under the laws of this state or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for any period that it determines, not to exceed one year.
 The decision of a trial court to impose a suspension under R.C. 4507.34 is reviewed under an abuse of discretion standard. Columbus v. Munson (1991), 68 Ohio App.3d 850, 852. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Defendant has submitted a transcript of the hearing during which he pleaded no contest and was found guilty and sentenced. The transcript was prepared from an audio tape. However, there is no indication that either the audio tape or the transcript was of a proceeding attended by an official court reporter of the Wayne County Municipal Court. Loc.R. 5(A)(2)(a) of this court states:
 (2) Proceedings Recorded by Videotape or Audiotape.
 (a) No Official Court Reporter. In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
 Defendant did not provide this court with a statement of the trial court as is required by either App.R. 9(C) or (D). Therefore, we cannot consider the transcript filed by Defendant.
The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
Because there is no transcript or statement of the evidence or proceedings before the trial court, we have no basis from which to determine whether the record supported the imposition of the license suspension. "We are therefore compelled to apply the presumption of regularity and conclude that no abuse of discretion occurred herein." State v. Chauncey (Aug. 12, 1999), Cuyahoga App. No. 75465, unreported, 1999 Ohio App. LEXIS 3732, at *5; see, also, State v. Powers (1996), 117 Ohio App.3d 124, 126-27.
Defendant's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________________ LYNN C. SLABY
FOR THE COURT CARR, J., CONCURS.