OPINION
Zachary Kelso is appealing from the one-year suspension of his driver's license, which was part of the sentence he received for a failure to yield violation, to which he pled guilty.
The undisputed facts, which are found in the transcript of the plea and sentence hearing, are that Kelso was preparing to make a left turn from a gasoline station. A westbound motorist stopped in front of him and waved him out into Scioto Street in Urbana, Ohio, which is a four-lane street. Kelso exited, but collided with a car coming from the other westbound lane. It was a non-injury "fender bender" for which Kelso was cited and pled guilty to.
At the beginning of the hearing, Kelso was advised by the trial judge that his failure to yield charge was the fourth moving violation in a year and informed him that he faced a potential $750 fine and ninety days in jail. After carefully reciting the rights he was waiving, the trial judge accepted his guilty plea. Kelso was unrepresented by counsel at the time. His three previous violations were all speeding tickets.
After the arresting officer recited Kelso's traffic history from the witness stand, the court said: "Yep, you're guilty. Your record is a disaster." Tr. 5. After Kelso recited the circumstances of the accident, the trial court said: "You need to get a bicycle before you kill someone number one. Okay. Like the Prosecutor said, your record is a disgrace. Speed, speed, speed, speed." Tr. 6. In addition, the court said: "You're a traffic fatality looking for a place to happen." Id.
The court also stated: "You're driving is terrible. You don't belong on the roads. You don't have the right to drive this way, and you don't have the right to step on other people's rights either." Tr. 7.
The court then stated the sentence from the bench, as follows:
 THE COURT: Okay. You are not going to listen to a word I'm telling you. The fine is going to be $500 plus court costs. The driver's license suspension is for a period of three years.[1] Don't ask me for driving privileges. There is not going to be any granted.
 You do not deserve to drive. You are not a good driver. You are a traffic fatality looking for someone to happen to and a place to happen at.
 The jail sentence is going to be 60 days. Now, I will suspend 55 on the condition that you do 40 hours of community service, that you have no same or similar offenses for a period of three years and that you get a driver's ed course and that you sit in here for another hour or so and you watch the sentencing that is about to occur after the arraignments are done. You watch the faces and you write me a five page letter of how this defendant, this young defendant you think feels, what you think that feels like and you have to [sic] letter to me within the next 30 days.
Tr. 8-9.
Kelso's sole assignment of error on appeal is:
 THE TRIAL COURT ERRED IN SUSPENDING DEFENDANT-APPELLANT'S OPERATOR'S LICENSE BECAUSE THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH AN OFFENSE "RELATING TO RECKLESS OPERATION."
Kelso argues that R.C. 4507.34 allows a driver's license to be suspended for offenses "relating to reckless operation," and there is no evidence that his failure to yield violation exhibited reckless operation. Kelso, unrepresented, pled guilty to the failure to yield charge, but his plea does not encompass a reckless operation finding under R.C. 4507.34 because he was never advised of the possible applicability of that statute before he entered his plea.
We must note, as guidance to trial courts in the future, that appellate decisions which have held in the past that the failure to give a defendant notice of the possibility that his license will be suspended under R.C. 4507.34 before a plea or determination of guilt is not unconstitutional, (see, e.g., Lawrenceville v. Shoup (Mar. 28, 1997), Clark App. No. 96 CA 46, unreported), have been cast in doubt by a very recent decision of the United States Supreme Court. In a decision rendered on March 28, 2000, the court held that due process requires that any fact that increases a penalty for a state crime beyond prescribed statutory maximum, other than a fact of prior conviction, has to be submitted to a jury and proven beyond a reasonable doubt. Apprendi v. NewJersey (2000), 530 U.S. ___, 147 L.Ed.2d 435, 120 S.Ct. 2348. If the increase in penalty has to be submitted to the trier of fact before conviction, it stands to reason that the defendant has to be apprised of it in advance of either his guilty plea or the determination of his guilt.
In the case sub judice not only was the appellant not advised of a possible license suspension before he entered his plea, but the trial court never made any finding that his violation related to "reckless operation." We note, parenthetically, that the State did not file a brief in this case. In the record there is an entry, dated August 9, 2000, in which the counsel for the appellant states that he "has spoken with the attorney for the State, who indicates he does not wish to file a brief in this case." We find the State's reluctance to be of some significance in our resolution of this matter. On the facts and issues as stated by the appellant, which we are allowed to accept per App.R. 18(C), we find no evidence that appellant's failure to yield violation related to reckless operation in this case. In fact, we find that the trial court relied on appellant's entire history of traffic violations in suspending his driver's license, which the court may not properly do.[2]State v. Pessefall (1993), 87 Ohio App.3d 222, 226. Even a moving violation, which might involve speeding, is not per se "reckless." The circumstances of the particular violation must be carefully considered by the trial court. Id. In Pessefall, the Court of Appeals for Hocking County found a 70 mph speed in a 45 mph zone was not grossly excessive, and the circumstances did not exhibit an "indifference to the consequences" and disregarding a known risk as reckless as defined in R.C. 2901.22(C). A driver's license suspension under R.C. 4507.34 was vacated by the Franklin County Court of Appeals where the defendant was cited under the assured clear distance statute even though the defendant failed to stop in time, and as a result, damaged three vehicles. The court found that in that case there was no blatant disregard of the rights of others, and therefore, the suspension was not warranted by law.Columbus v. Munson (1991), 68 Ohio App.3d 850.
On the facts before us, we find that no rational trier of the facts could find that appellant's mere exiting from a gasoline station, after being waived out by a stopped motorist, related to "reckless" conduct.
The sole assignment of error is sustained, and the suspension of the appellant's driver's license is vacated.
 ____________________________ FREDERICK N. YOUNG, J.
GRADY, P.J. and BROGAN, J., concur.
[1] By a later nunc pro tunc entry, the court reduced the suspension to a period of one year, which is the maximum allowed under R.C. 4507.34, the only claimed basis for the suspension.
[2] Of course the Bureau of Motor Vehicles may administratively suspend a driver's license based upon the operation history of traffic violations.