CITY OF WARREN, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *Warren v. Williams* (1993), 87 Ohio App.3d 777.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4792.

Decided July 12, 1993.

*Stanley E. Elkins*, for appellee.

*James T. Saker*, for appellant.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Warren Municipal Court. Upon entering a plea of no contest, appellant, Lisa A. Williams, was found guilty of failing to maintain an assured clear distance while operating a motor vehicle. For her penalty, the trial court fined appellant $10 and suspended her driver's license for ninety days.

Before this court, appellant has advanced one assignment of error for review. Under this assignment, she submits that the trial court lacked the authority to suspend her license. Specifically, she argues that under R.C. 4509.101(B), her license could not be suspended simply because she had been involved in a traffic accident. This argument is well taken.

R.C. 4509.101 governs the use of a motor vehicle without maintaining proof of financial responsibility. Subsection (A)(1) of this statute sets forth the basic prohibition that no person shall, *inter alia*, operate a motor vehicle " * * * unless proof of financial responsibility is maintained with respect to that vehicle, * * *." Subsection (A)(3) then sets forth the instances in which a person will be required to give the required proof:

"A person to whom this state has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle * * * shall be required to verify the existence at the time of the traffic offense or accident of proof of financial responsibility covering the operation of the motor vehicle or the person's operation of the motor vehicle whenever the person * * * is required to appear in court on a charge of a traffic offense specified in Traffic Rule 13(B) or the person * * * is involved in a traffic accident that requires the filing of an accident report under section 4509.06 of the Revised Code."

As the wording of the subsection indicates, a person will be required to give the required proof in two instances: (1) when she appears before a court concerning an offense listed in Traf.R. 13(B); or (2) when she has been involved in an accident which requires the filing of a report. As to the first instance, subsection (B)(1) set forth the procedure to be followed in determining whether the requirement has been satisfied. R.C. 4509.101(B)(1) states, in pertinent part:

"Any defendant, who is charged with a traffic offense specified in Traffic Rule 13(B) that requires an appearance in court, shall be required to verify the existence of proof of financial responsibility covering the operation of the vehicle at the time of the offense in accordance with this section. If the defendant pleads guilty or is found guilty, the court shall, as part of the sentencing procedures, require the defendant to prove that the operation of the motor vehicle was covered by proof of financial responsibility. * * *

" * * *

"If a defendant who pleads guilty or is found guilty, fails to verify existence of proof of financial responsibility as required under this section, the court shall do all of the following:

" * * *

"(b) Order the suspension and impoundment of the license of the defendant * * *."

As to the second instance, subsection (C)(1) provides that when a party is required to file an accident report, she must attach to it documentation which meets the requirement of proof of financial responsibility. This subsection then states that if the registrar decides that the party has not provided the required proof, the registrar can also order the suspension of the party's license.

In suspending appellant's license in this case, the trial court indicated on the citation that she had been "involved in [a] traffic accident." In making this statement, the court implied that it believed that this case fell within the second of the two possible instances mentioned above, and, that it had the authority to suspend appellant's license under these circumstances. This holding was consistent with the preliminary statements the court made from the bench when it accepted appellant's plea of no contest.

However, as appellant persuasively argues, the wording of the statute does not support the trial court's interpretation. Subsection (A)(3) refers to both types of instances in which a person can be required to give proof of financial responsibility. Subsections (B) and (C) then set forth separate procedures to be followed under each respective instance. Moreover, subsection (C) gives the registrar the specific authority to suspend the license when the proper documentation is not attached to the accident report. This subsection makes no reference to a court or the first type of instance.

On the other hand, subsection (B) states that a court can suspend a license when a person appears before it concerning a traffic offense listed in Traf.R. 13(B) and that person fails to present sufficient proof of financial responsibility. Subsection (B) does not refer to the other type of instances. Thus, when interpreted as a whole, the wording of R.C. 4509.101 supports the conclusion that the General Assembly only intended to give a trial court the authority to suspend a person's license when the charged offense falls within Traf.R. 13(B).

In this case, the charged offense, failure to maintain an assured clear distance, is not one of the offenses listed in the rule. Accordingly, the trial court did not have the authority to suspend appellant's license. Under this analysis, her sole assignment of error is well taken.

We, therefore, affirm as to the finding of guilty, and, reverse as to the imposition of the license suspension.

*Judgment accordingly.*

NADER and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.