**CITY OF FAIRFIELD, Appellee,**

v.

**FLEISHER, Appellant.**

[Cite as *Fairfield v. Fleisher* (1995), 101 Ohio App.3d 170.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–07–155.

Decided Feb. 13, 1995.

*Gerald E. Froelke,* Fairfield City Prosecuting Attorney, for appellee.

*Rittgers & Mengle* and *W. Andrew Hasselbach,* for appellant.

WILLIAM W. YOUNG, Judge.

On July 8, 1994, defendant-appellant, Donna D. Fleisher, was involved in a traffic accident on Dixie Highway in Fairfield, Ohio. The police officer investigating the accident cited appellant for driving with fictitious license plates in violation of Fairfield Municipal Ordinance 335.11.

On July 19, 1994, appellant appeared in Fairfield Municipal Court and entered a plea of no contest. Appellant was found guilty. At trial, appellant informed the court that she could not verify the existence of proof of financial responsibility on the date of the citation. The trial court imposed a ninety-day Financial Responsibility Administration ("FRA") license suspension for failure to provide proof of financial responsibility and a concurrent two-hundred-seventy-day court suspension. Appellant was also fined $20.

In her sole assignment of error, appellant argues that the trial court erred in imposing both suspensions. Appellant argues that the trial court had no jurisdiction to impose the FRA suspension, and that the trial court had no basis in law to impose the two-hundred-seventy-day suspension.

R.C. 4509.101(B)(1) provides that:

"Any defendant, who is charged with a traffic offense specified in Traffic Rule 13(B) that requires an appearance in court, shall be required to verify the existence of proof of financial responsibility covering the operation of the vehicle at the time of the offense in accordance with this section. If the defendant pleads guilty or is found guilty, the court shall, as part of the sentencing procedures, require the defendant to prove that the operation of the motor vehicle was covered by proof of financial responsibility. * * * "

Traf.R. 13(B) provides that:

"All traffic offenses except those listed in division (B)(1) to (9) of this rule may be disposed of by a traffic violations bureau. The following traffic offenses shall not be processed by a traffic violations bureau:

"(1) Indictable offenses[.]"

Appellant was cited for violating Fairfield City Ordinance 335.11, which is a fourth degree misdemeanor. See Fairfield Codified Ordinance 335.99. Under Crim.R. 7(B), a misdemeanor offense may be prosecuted by indictment. Hence, appellant was required to make an appearance in court. After being found guilty, appellant was required under R.C. 4509.101(B)(1) to prove that "the operation of the motor vehicle was covered by proof of financial responsibility."

Since appellant failed to verify the existence of proof of financial responsibility, the court was required to order a ninety-day suspension of appellant's

operating privileges and impoundment of her license. See R.C. 4509.101(B)(1)(b) and 4509.101(A)(2)(a). Appellant relies on *Warren v. Williams* (1993), 87 Ohio App.3d 777, 623 N.E.2d 191, to argue that the trial court did not have jurisdiction to impose an FRA suspension. *Warren* is distinguishable. The trial court in *Warren* did not have jurisdiction to impose an FRA suspension because the defendant was not cited for an offense enumerated in Traf.R. 13(B). Appellant was cited for an offense listed in Traf.R. 13(B).

■ We agree with appellant that the two-hundred-seventy-day court suspension has no basis in law. The court's entry suggests that the suspension was imposed pursuant to R.C. 4507.34, which allows the court to suspend a person's operating privileges if she is found guilty of a violation of a law or ordinance relating to reckless operation. Appellant was cited only for driving with fictitious license plates. Appellant was not cited for her involvement in the accident. Driving with fictitious license plates is not an offense relating to the reckless operation of a vehicle. Cf. *Columbus v. Munson* (1991), 68 Ohio App.3d 850, 589 N.E.2d 1390; *State v. Hartman* (1987), 41 Ohio App.3d 142, 534 N.E.2d 933. Therefore, the trial court was without authority to impose the two-hundred-seventy suspension.

Accordingly, appellant's assignment of error is sustained in part and overruled in part. The judgment of the trial court is affirmed in part and reversed in part. The two-hundred-seventy-day license suspension imposed by the trial court is vacated.

*Judgment accordingly.*

FRED E. JONES, P.J., and WALSH, J., concur.