DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Donald Miko was convicted of driving 67 miles per hour in a 55-mile-per-hour zone. This Court reverses his conviction because the trial court did not properly take judicial notice of the scientific reliability of the laser device used to determine Mr. Miko's speed.
 FACTS {¶ 2} Trooper Dennis Matulin of the Ohio State Highway Patrol was parked in a crossover in the median of Interstate 71 watching traffic when he saw a tractor and trailer approaching in the center northbound lane at a speed he *Page 2 
perceived to be at least 65 miles per hour. He aimed an LTI 20-20 laser device at the front of the tractor, and the device indicated the truck was traveling 67 miles per hour. He pulled the truck over and ticketed the driver, Donald Miko.
 {¶ 3} Trooper Matulin was the only witness to testify at Mr. Miko's trial before a magistrate in the Medina Municipal Court. Following trial, the magistrate filed a Magistrate's Decision/Judgment Entry, finding Mr. Miko guilty of driving a vehicle weighing in excess of eight thousand pounds empty more than 55 miles per hour on a freeway. The magistrate fined him $100 and assessed him two points. Mr. Miko objected to the Magistrate's Decision/Judgment Entry, and the trial court overruled his objections. He has assigned two errors on appeal.
 THE STATE'S FAILURE TO FILE A BRIEF {¶ 4} The State failed to file an appellee's brief in this case. This Court has noticed a disturbing pattern of the Medina Municipal Prosecutor failing to file appellate briefs. This Court will not do the prosecutor's job for him. Rule 18(C) of the Ohio Rules of Appellate Procedure provides that, if an appellee fails to file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 DISCOVERY *Page 3 {¶ 5} Mr. Miko's first assignment of error is that his conviction was a violation of due process because he was not provided pre-trial discovery. In the Statement of the Case included in his brief, Mr. Miko has referred this Court to an order of the trial court that directed the State to make a list of documents available to him for inspection and copying. In his argument under his first assignment of error, however, he has not directed this Court to any authority supporting the proposition that he was, in fact, entitled to discovery of any of the listed documents. Rather, he has only referred to Rule 16(B)(1)(e) of the Ohio Rules of Criminal Procedure, which requires the State, in response to a written demand, to provide the names and addresses of witnesses it intends to call at trial.
 {¶ 6} As mentioned earlier, Trooper Matulin was the only witness to testify at Mr. Miko's trial. Although Mr. Miko objected to certain questions asked Trooper Matulin on the ground that they called for answers related to documents the State had allegedly failed to make available as the trial court had directed, he did not object on the ground that the State had not provided the trooper's name and address in response to a written demand. Accordingly, assuming the State did fail to provide Trooper Matulin's name and address as required by Rule 16(B)(1)(e), Mr. Miko forfeited his right to argue that the State's failure was a violation of his right to due process by not objecting to the trooper's testimony on that ground at trial. See State v.Williams, 51 Ohio St. 2d 112, paragraph one of *Page 4 
the syllabus (1977), vacated in part on other grounds, 438 U.S. 911
(1978). Mr. Miko's first assignment of error is overruled.
 JUDICIAL NOTICE {¶ 7} Mr. Miko's second assignment of error is that the trial court incorrectly permitted Trooper Matulin to testify that the laser device he was using indicated that Mr. Miko was traveling 67 miles per hour. Specifically, he has argued that the trial court did not properly take judicial notice of the scientific reliability of the LTI 20-20 laser device.
 {¶ 8} At trial, the prosecutor asked the magistrate to take judicial notice of the reliability of the laser device. The magistrate responded: "Yes, the Court had done so by prior judgment entry." The record does not contain an earlier judgment entry in this case taking judicial notice of the reliability of the laser device, so presumably the magistrate meant that the court had taken judicial notice in an earlier case. Mr. Miko objected, saying he had "never received a copy of the case caption whereby that judicial notice was allegedly taken." The magistrate overruled his objection.
 {¶ 9} Mr. Miko objected to the Magistrate's Decision/Journal Entry, pointing out that the name of the case on which the magistrate relied in taking judicial notice of the reliability of the laser device was not included in the trial record. He asserted that, without the case caption being included in the record, judicial notice was inappropriate. The trial court overruled his objection, writing: *Page 5 
"This Court has previously heard expert testimony and taken judicial notice of the accuracy and scientific reliability of this speed measuring device in State v. Meisel, 93TRD00710."
 {¶ 10} Under Rule 201(B) of the Ohio Rules of Evidence, a court may take judicial notice of a fact if it is "not subject to reasonable dispute." The rule further provides that only two types of facts are "not subject to reasonable dispute." Under Rule 201(B)(1), a fact is not subject to reasonable dispute if it is "generally known within the territorial jurisdiction of the trial court." Under Rule 201(B)(2), a fact is not subject to reasonable dispute if it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
 {¶ 11} The accuracy of a particular type of speed measuring device may, within the meaning of Rule 201(B)(1), become "generally known within the territorial jurisdiction of the trial court" if the trial court, in a reported decision, or the appellate court for the district in which the trial court is located, in a reported or unreported decision, determines that it is scientifically accurate. SeeCincinnati v. Levine, 158 Ohio App. 3d 657, 658 (2004). The case cited by the trial court, State v. Meisel, 93TRD00710, is not a reported decision. Further, nobody has brought a reported decision of the Medina Municipal Court considering the accuracy of the LTI 20-20 device to this Court's attention. The only decision from this Court that even mentions the LTI 20-20 device is State v. *Page 6 Jamnicky, 9th Dist. No. 03CA0039, 2004-Ohio-324, a case in which this Court did not address whether that device is scientifically accurate. The trial court, therefore, was not authorized to take judicial notice of the scientific accuracy of the LTI 20-20 laser device by Rule 201(B)(1) of the Ohio Rules of Evidence.
 {¶ 12} A trial court may take judicial notice of the scientific accuracy of a speed measuring device under Rule 201(B)(2) if it has determined in an earlier case, based on expert testimony in that earlier case, that the particular speed measuring device is scientifically accurate. State v. Dawson, 12th Dist. No. CA98-04-021, 1998 WL 883802, at *2 (Dec. 21, 1998). As mentioned previously, in its order overruling Mr. Miko's objections to the magistrate's report, the trial court wrote that it had heard expert testimony and taken judicial notice of the scientific reliability of the LTI 20-20 laser device in State v.Meisel, 93TRD00710.
 {¶ 13} Mr. Miko attached a document to his brief in this Court that is purportedly the trial court's Judgment Entry in Meisel. Although, in that entry, the trial court wrote that it was taking judicial notice of the accuracy of the LTI 20-20 device, it did not indicate that it had heard expert testimony on that issue, either in Meisel or any other case. Indeed, it would have been illogical for the court to take judicial notice in Meisel if it had heard expert testimony inMeisel. If it had heard expert testimony in that case, its finding of accuracy would have logically been based on that testimony. There would have been no reason for it to take judicial notice. *Page 7 
 {¶ 14} In the absence of a reference to a case in which the trial court determined, based on scientific testimony it heard in that case, that the LTI 20-20 laser device is scientifically accurate, the trial court was not authorized under Rule 201(B)(2) to take judicial notice of its accuracy. Inasmuch as the trial court was not authorized to take judicial notice under either subpart of Rule 201(B), it erred by doing so. Mr. Miko's second assignment of error is sustained.
 CONCLUSION {¶ 15} Mr. Miko's first assignment of error is overruled, and his second assignment of error is sustained. The judgment of conviction in the Medina Municipal Court is reversed, and the case is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 8 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 MOORE, P. J., SLABY, J., CONCUR. *Page 1