DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Pierre J. Jamnicky, appeals from the decision of the Wayne County Municipal Court convicting him of speeding, and sentencing him to a $100 fine and a 90-day suspension of his driver's license for reckless operation. We affirm.
 I. {¶ 2} On April 20, 2003, Sergeant Ryan Koster ("Sergeant Koster") was monitoring traffic in Chippewa Township, in Wayne County. He observed Mr. Jamnicky approaching his patrol car at a high rate of speed. After using a laser device to clock his speed, Sergeant Koster motioned to Mr. Jamnicky to pull over his motorcycle and cited him for going 89 m.p.h. in a 55 m.p.h. zone. Mr. Jamnicky was charged with speeding under R.C.4511.21(D). After a bench trial, the judge convicted Mr. Jamnicky of speeding, in violation of R.C. 4511.21(D), fined him $100, and suspended his driver's license for 90 days after finding that his speeding related to reckless operation under R.C. 4507.34. It is from this conviction that Mr. Jamnicky now appeals. The trial court stayed the sentence during the pendancy of this appeal. Mr. Jamnicky timely appealed, raising two assignments of error.
 II. Assignment of Error I
"The trial court erred in accepting or considering the evidence of defendant's speed as measured by the use of a Laser Speed Detection Device."
 {¶ 3} In his first assignment of error, Mr. Jamnicky argues that the State presented insufficient evidence as a matter of law to convict him of speeding. He specifically asserts that the trial court could not properly have considered any of the evidence related to the laser speed detection device because the State did not introduce evidence related to the device's reliability under scientific principles or request judicial notice of its reliability.
 {¶ 4} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "`In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quotingState v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 5} R.C. 4511.21(D)(1) generally prohibits an individual from operating a motor vehicle on a highway at a speed exceeding 55 m.p.h. In this case, the State needed simply to offer evidence that Mr. Jamnicky exceeded the 55 m.p.h. limit on the highway. At trial, Sergeant Koster testified that he had been trained to visually estimate the speed of vehicles either approaching or driving away from him. He stated that he estimated Mr. Jamnicky's speed at "over 80[.]" The defense offered no evidence, either on cross-examination or in their case-in-chief, which contradicted this statement. We find that there was sufficient evidence to support Mr. Jamnicky's speeding conviction.
 {¶ 6} What Mr. Jamnicky really seems to be arguing about is not whether he was speeding, but whether he was, in fact, going 89 m.p.h. as indicated by the laser device. He argues extensively in his brief that the speed evidenced by the laser device was not properly before the court because the State failed to authenticate the device. The State, he asserts, neither offered evidence tending to show the device's reliability nor requested judicial notice of the device's reliability.
 {¶ 7} In general, a velocity reading made by a speed detection device is authenticated by evidence of three specific things. First, the device "`must be accepted as dependable for the proposed purpose by the profession concerned in that branch of science[.]'" (Emphasis omitted)East Cleveland v. Ferell (1958), 168 Ohio St. 298, 301, quoting Wigmore, The Science of Judicial Proof, 450. Second, the State must show that the device used was an accepted type and in good condition for accurate work. Id. Finally, the witness using the device must be qualified to operate the device through training and experience. Id.
 {¶ 8} In this case, Mr. Jamnicky only disputes the first element, scientific proof of dependability. Generally, the State may illustrate scientific dependability through expert testimony, or request judicial notice of the device's reliability. East Cleveland, 168 Ohio St. at 301. A court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). The court may do so at any time during the proceeding. Evid.R. 201(F).
 {¶ 9} In this case, Mr. Jamnicky insists that the trial court could not consider any evidence related to that laser's reading because the State offered no testimony regarding the reliability of the laser device in question, an LTI 20/20 UltraLight laser unit, and the court never officially took judicial notice of its reliability. His argument suffers from two defects.
 {¶ 10} First, Mr. Jamnicky did not object at all at trial to the testimony offered by Sergeant Koster regarding the laser device. Sergeant Koster spoke for multiple transcript pages about his training, the proper method of calibrating and testing the device, the operation of the device, and his specific use of the device on Mr. Jamnicky indicating his speed at 89 m.p.h. Mr. Jamnicky never objected. He merely questioned the accuracy of the use of the device on a motorcycle, as opposed to a car, during his cross-examination.
 {¶ 11} Second, we note that judicial notice of the device was mentioned at trial. When Mr. Jamnicky moved for Crim.R. 29 acquittal at the close of the State's evidence, the following ensued:
"[PROSECUTOR]: Your Honor, I believe the testimony of [Sergant Koster] was that you can't clock a motorcycle from as far away as you can a car, but there was (sic) no problems, he testified that there were no problems on this occasion and the laser has been judicially noticed by thisCourt.
"THE COURT: [Appellant's Crim.R. 29] Motion is denied. Do you wish to proceed further?
"[DEFENSE COUNSEL]: Defense rests Your Honor." (Emphasis added.)
 {¶ 12} The prosecutor in this case specifically argued relating to judicial notice of the laser device. Mr. Jamnicky, again, failed to object or to raise any argument relating to the propriety of judicial notice at that time.
 {¶ 13} In order to preserve error regarding admission of evidence on appeal, defense counsel must have objected at trial and stated the specific grounds for that objection. See Evid.R. 103(A)(1). Mr. Jamnicky failed to object at trial. He has waived this particular error on appeal. See State v. Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351, at ¶ 43; Blausey v. Stein (1980), 61 Ohio St.2d 264, 266-67. Accordingly, we overrule Mr. Jamnicky's first assignment of error.
 Assignment of Error II
"The trial court erred in suspending defendant's driver's license pursuant to O.R.C. § 4507.34, when the evidence showed defendant's speed was the only factor before the court upon which it could find defendant's operation of his vehicle was related to reckless operation."
 {¶ 14} In Mr. Jamnicky's second assignment of error, he asserts that the trial court erred in suspending his license under R.C. 4507.34
because the only factor the court could have relied upon for that suspension was his speed. He argues that speed can never serve as the sole basis for suspension of a driver's license for reckless operation under R.C. 4507.34.
 {¶ 15} This Court reviews the trial court's decision to suspend a defendant's driver's license under R.C. 4507.34 for an abuse of discretion. Akron v. Cripple, 9th Dist. No. 21385, 2003-Ohio-3920, at ¶ 22, citing State v. Tamburin (2001), 145 Ohio App.3d 774, 780. An abuse of discretion amounts to more than an error of judgment, but instead equates to "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} R.C. 4507.34 permits a court to suspend or revoke an individual's driver's license for up to one year when that person is found guilty of "operating a motor vehicle in violation of [Ohio's] laws or ordinances, relating to reckless operation[.]" The Supreme Court of Ohio has recognized that Ohio's speeding laws, depending upon the circumstances, may be laws that relate to reckless operation under the statute. Akron v. Willingham (1957), 166 Ohio St. 337, 338. When deciding whether to suspend a driver's license pursuant to R.C. 4507.34, a court may consider all of the relevant evidence probative of whether a defendant's operation of a motor vehicle was reckless. State v. Hartman
(1987), 41 Ohio App.3d 142, 144. "That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and all the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." (Emphasis sic.) Id. The court need not make any special finding of recklessness. State v. Van Doren (June 19, 1985), 9th Dist. No. 2063, citing State v. Newkirk (1968), 21 Ohio App.2d 160.
 {¶ 17} In this particular case, the facts show that Mr. Jamnicky was driving his motorcycle on a dry, four lane, divided highway in a rural area during the day. The weather was clear, and the traffic was light. The nearest vehicle trailed Mr. Jamnicky's motorcycle by approximately five car lengths. He had just passed an intersection when Sergeant Koster motioned him to pull over. No alcohol was detected. No accident occurred. Regardless of these factors, Mr. Jamnicky was traveling 89 m.p.h. in a 55 m.p.h. zone on his motorcycle with another vehicle in close proximity. The trial court did not necessarily rely solely on the speed that he was traveling in reaching its decision. Given the evidence before us, we cannot say that the trial court abused its discretion in finding that Mr. Jamnicky's speeding under these circumstances related to reckless operation and posed a threat to persons or property. We find, therefore, that the trial court did not err in suspending Mr. Jamnicky's license under R.C. 4507.34 in this case. Accordingly, we find Mr. Jamnicky's second assignment of error to be without merit.
 III. {¶ 18} Mr. Jamnicky's first and second assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
Slaby, P.J. and Baird, concur.