DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Avon Poured Wall, Inc., appeals from an order of the Lorain County Court of Common Pleas, which granted summary judgment to Appellee/Cross-Appellant, Kenneth A. Boarman. Mr. Boarman cross-appeals from an order denying his attorney fees. We affirm both orders.
 I. {¶ 2} Avon Poured Wall, Inc. is a corporation, registered with the State of Ohio. From the time of its incorporation in 1997 until March 3, 2000, Kenneth A. Boarman was the principal officer and sole shareholder. On March 3, 2000, Louis Elbert obtained complete ownership of the company by purchasing all of Boarman's shares for $350,000. At that time, Boarman expressly withdrew from any further relationship with the company.
 {¶ 3} In the claims underlying this appeal, Avon Poured Wall cites two specific acts committed by Boarman while he was owner and officer, alleging impropriety and charging that he owes the company compensation. In response, Boarman seeks recovery of his attorney fees, charging that the company's suit was frivolous. Notably, these claims are limited to the dispute between Boarman and the company. While Louis Elbert was joined as a third-party defendant, he made no individual claims and incurred no individual liability.
 {¶ 4} Avon Poured Wall's first allegation is that Boarman fraudulently misrepresented the company's 1999 payroll to its liability insurer in order to rate a lower premium. These premium payments are calculated on a gross payroll basis. By reporting its payroll as $400,000, Avon Poured Wall paid a premium of $11,043 for 1999; whereas, had it reported the true payroll figure of $1,100,000 that premium would have been $31,385. Upon discovery of the discrepancy, Nationwide Insurance Company sought to recover the $20,342 in past due premiums, which triggered the litigation underlying this case.
 {¶ 5} Nationwide sued Avon Poured Wall, whereupon Avon Poured Wall filed a third-party complaint against Boarman, seeking recovery of the $20,342. Avon Poured Wall also added a second allegation, charging Boarman with unjust enrichment by claiming that Boarman had executed a $16,426 loan to himself, which he had failed to repay. Boarman denied the allegations, counterclaimed for attorney fees, and filed his own third-party complaint against Elbert. Ultimately, Avon Poured Wall settled with Nationwide, and Elbert was left unscathed as the trial court adjudicated all the various claims and issues.
 {¶ 6} In separate journal entries, the trial court dismissed Nationwide, granted summary judgment to Boarman, denied his motion for attorney fees, and declared the case closed. The summary judgment was ordered without explanation or elaboration, and it is from that order that Avon Poured Wall appeals. Similarly, the denial of attorney fees was ordered in a two sentence opinion issued without a prior hearing. It is from that order that Boarman cross-appeals.
 {¶ 7} Avon Poured Wall asserts two assignments of error for review and Boarman asserts a single assignment of error in his cross-appeal.
 II. A. First Assignment of Error
"The trial court erred when it ruled that no remaining issues of material fact existed as to whether appellee committed fraud by under valuating payroll to appellant's insurer."
 {¶ 8} In its first assignment of error, Avon Poured Wall argues that the trial court improperly granted summary judgment because a genuine issue of material fact remains as to the alleged fraud, namely whether Boarman's erroneous payroll report to Nationwide caused Avon Poured Wall a $20,342 loss. We disagree.
 {¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 11} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 12} This assignment of error addresses the claim of fraud. In simplified form, the elements of fraud are: (1) a false, (2) material (3) representation, (4) intended to induce reliance that, (5) upon justifiable reliance, (6) caused some loss or harm. Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169. The failure of any individual element defeats the cause of action. Id.
 {¶ 13} Boarman challenged the fraud claim on summary judgment, urging among other arguments that Avon Poured Wall could not prove any harm. The $20,342 sought in past due premiums was merely part of the cost of insurance coverage for the period 1999-2000, which Avon Poured Wall desired and enjoyed. While the alleged misrepresentation delayed the timing of the payment, nothing in the record suggests that Avon Poured Wall would not have been required to pay the $20,342 if not for the alleged misrepresentation. Instead, whether paid in 1999 or 2000 or some time even later, the total amount due to Nationwide for the desired coverage was $31,385: the $11,043 originally paid plus the $20,342 past due. At deposition, Louis Elbert testified for Avon Poured Wall that the company benefited from the liability insurance and that the cost of the premiums is established based on the payroll. Therefore, Avon Poured Wall fails its burden of showing that it suffered any harm.
 {¶ 14} In response, Avon Poured Wall confuses the issue by arguing harm to either Nationwide or Louis Elbert. It is the cornerstone maxim of corporate law that a corporation is its own legal entity, existing separate and apart from its shareholders, and appropriately sues or is sued in its own name. State, exrel. Atty. Gen. v. Std. Oil Co. (1892), 49 Ohio St. 137, 177. Louis Elbert bought all of the stock of Avon Poured Wall in a simple "sale of shares" agreement, without any representation whatsoever as to the fiscal status of the company. Avon Poured Wall is the only named party averring fraud against Boarman and seeking redress for the alleged fraud. Therefore, any harm suffered to some party other than Avon Poured Wall is immaterial to the disposition of this case.
 {¶ 15} We conclude based on the evidence in the record that no material question of fact remains as to this issue. That is, even assuming some affirmative misrepresentation of the 1999 payroll, Avon Poured Wall was ultimately required to pay only the amount properly due for the desired insurance coverage and therefore suffered no injury. As a consequence, Boarman was entitled to judgment as a matter of law on the fraud claim and summary judgment was proper.
 {¶ 16} The first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred when it ruled that no remaining issues of material fact existed as to whether appellee was unjustly enriched in failing to repay [an] advance taken from plaintiff."
 {¶ 17} In its second assignment of error, Avon Poured Wall argues that the trial court improperly granted summary judgment to Boarman because a genuine issue of material fact remains as to the alleged unjust enrichment, namely whether Boarman was unjustly enriched by his receipt of the $16,426 identified as an advance on the 1999 balance sheet. We disagree.
 {¶ 18} As stated above, an appellate court reviews an award of summary judgment de novo. Grafton, 77 Ohio St.3d at 105. Regarding the facts, there is no dispute that the $16,426 was transferred from the company to Boarman at some time during or prior to 1999. Avon Poured Wall characterizes this as an advance, while Boarman characterizes it as disbursements from petty cash, but in either case the company listed it on its balance sheet and Boarman reported it on his income taxes. The question is whether Boarman was unjustly enriched by the transfer.
 {¶ 19} Avon Poured Wall urges that an unjust enrichment claim is its only available route of recovery, and in making this argument concedes that Boarman's advance did not arise from any contractual claim or any tort claim. A loan would be a contractual claim. See State v. Buttles (1854), 3 Ohio St. 309. A breach of duty would be a tort claim. See Stone v. Davis
(1981), 66 Ohio St.2d 74. Thus, by expressly refuting these claims, Avon Poured Wall cannot legitimately contend that Boarman received this money through a loan or some breach of duty. Rather, Avon Poured Wall contends that it would be unfair for Boarman to keep this money, labeling this as unjust enrichment. Unjust enrichment occurs when one "retains money or benefits which in justice and equity belong to another." Hummel v.Hummel (1938), 133 Ohio St. 520, 528.
 {¶ 20} Boarman was the officer and sole shareholder of Avon Poured Wall. As such, he retained virtually limitless control over company decisions and distribution of assets. Crosby v.Beam (1989), 47 Ohio St.3d 105, 107-08. "For example, the majority or controlling shareholders may refuse to declare dividends, may grant majority shareholders-officers exorbitant salaries and bonuses, or pay high rent for property leased from the majority shareholders." Id. at 108. At the time of the disbursements, the entirety of Avon Poured Wall belonged to Boarman, including the cash and assets. Therefore, this claim of unjust enrichment fails as a matter of law.
 {¶ 21} The second assignment of error is overruled.
 C. Cross Assignment of Error
"The trial court erred when it denied appellee/cross appellant boarman's motion for attorney's fees pursuant to ohio rev. code §2323.51 without a hearing."
 {¶ 22} In his sole cross-assignment of error, Boarman argues that the trial court abused its discretion by denying his request for attorney fees without first conducting a hearing. We disagree.
 {¶ 23} This Court generally reviews the trial court's denial of attorney fees for an abuse of discretion. Ceol v. ZionIndustries, Inc. (1992), 81 Ohio App.3d 286, 291-92. An abuse of discretion amounts to more than an error of judgment, but rather is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. An appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 24} R.C. 2323.51(B)(2) does not mandate a hearing whenever a motion for fees is made, but only that an evidentiary hearing is a necessary precondition to awarding fees. Village of W.Salem ex rel. Leiby v. Village of W. Salem (March 14, 2001), 9th Dist. Nos. 00CA0024 00CA0048. Accordingly, the trial court did not abuse its discretion in declining to conduct a hearing on the motion for attorney fees that it had determined to be without merit.
 {¶ 25} Therefore, Boarman's sole cross-assignment of error is overruled.
 III. {¶ 26} Avon Poured Wall's assignments of error are overruled. Mr. Boarman's cross assignment of error is overruled. The orders of the Lorain County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., Concur.