OPINION
{¶ 1} Defendant-appellant Stephen Short appeals from an order of the trial court suspending his license for one year following his plea of guilty to a charge of Improper Passing, in violation of R.C. 4511.27. Short contends that the trial court was without authority to suspend his license. We conclude that R.C. 4507.34, which was in effect at the time of the alleged violation, gave the trial court that authority. Accordingly, the judgment of the trial court is Affirmed.
 {¶ 2} Short's argument in his brief, which we infer to be his sole assignment of error, is that the trial court had no authority to suspend his driver's license.
 {¶ 3} Short was issued a citation for Improper Passing, in violation of R.C. 4511.27. The citation alleged that the violation occurred on November 19, 2003. That citation did not allege any details.
 {¶ 4} Improper Passing, as proscribed by R.C. 4511.27, could include anything from failing to pass at a safe distance, to merely failing to signal to the vehicle to be overtaken the passing driver's intention to pass. Thus, the mere failure to signal the intention to pass, which we can take judicial notice as being a common failure on the part of motorists, would constitute violation of the Improper Passing statute, and would probably not implicate reckless operation. However, Improper Passing could also involve operating a vehicle in an unsafe manner, which would implicate reckless operation.
 {¶ 5} R.C. 4507.34, which was in effect at the time of Short's alleged violation, provided as follows:
 {¶ 6} "Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any person so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."
 {¶ 7} In construing this statute, it has been held that a court of record, in deciding whether to suspend a driver's license, is entitled to consider all the evidence the record reveals that is probative of whether a defendant's operation of a motor vehicle was reckless. State v. Hartman (1987),41 Ohio App.3d 142, fn. 3, citing State v. Kirkpatrick (June 22, 1987), Preble App. No. CA 87-02-003; State v. Tamburin (2001),145 Ohio App.3d 774, 780.
 {¶ 8} We conclude that the trial court could properly take into consideration the "citation record" signed by the police officer who cited Short, Champaign County Sheriff Deputy Shane Oelker, in making that determination. That document, which is in the record, includes the following statement:
 {¶ 9} "Your Honor, if it please the court, on November 19, 2003 I was westbound on E. St. Rt. 29 just west of St. Rt. 56 Union Twp., Champaign County, Ohio when I observed a vehicle eastbound attempting to pass several vehicles. I observed the vehicle passing in such a manner that I was forced to brake and exit the roadway to avoid a collision before the vehicle was able to return to his lane forcing the vehicles he was passing to also brake.
 {¶ 10} "Upon stopping the vehicle I identified the driver as the defendant. The defendant stated that he was sorry, and the [sic] he thought he `had it.'"
 {¶ 11} Based upon the above-quoted passage from the citing police officer's "Citation Record," we conclude that the trial court could properly find, for purposes of R.C. 4507.34, that the particular conduct constituting the offense of Improper Passing in this case related to the reckless operation of the motor vehicle. Accordingly, we conclude that the trial court did have the authority to suspend Short's license for a period of up to one year.
 {¶ 12} Short's sole assignment of error is overruled. The judgment of the trial court is Affirmed.
Brogan and Wolff, JJ., concur.