[Cite as *State v. Boafor*, 2013-Ohio-4255.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 MA 192 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| TIMOTHY BOAFOR, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from County Court No.
                                    4, Case No. 12TRD3282.

JUDGMENT:                           Vacated and Modified.

APPEARANCES:
For Plaintiff-Appellee:             Attorney Paul Gains
                                    Prosecuting Attorney
                                    Attorney Ralph Rivera
                                    Assistant Prosecuting Attorney
                                    21 West Boardman Street, 6th Floor
                                    Youngstown, Ohio  44503

For Defendant-Appellant:            Attorney Rhys Cartwright-Jones
                                    42 North Phelps Street
                                    Youngstown, Ohio  44503-1130

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  September 23, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Timothy Boafor appeals from the judgment of Mahoning County Court No. 4, which imposed a ninety-day license suspension after accepting a no contest plea to speeding at a rate of 77 mph in a 65 mph zone. First, appellant argues that a license suspension could not be imposed under R.C 4510.15 because this speeding charge could not be categorized as "relating to reckless operation." Second, appellant contends that he could only be convicted of a minor misdemeanor because the traffic ticket did not charge a third degree misdemeanor or mention predicate offenses. For the following reasons, we conclude that both arguments have merit. Appellant's license suspension is vacated and his speeding conviction must be modified to reflect only a minor misdemeanor.

## STATEMENT OF THE CASE

**{¶2}** On May 13, 2012, defendant-appellant Timothy Boafor was stopped by the Ohio State Highway Patrol for speeding on Interstate 680 in Austintown, Ohio. He was clocked at 77 mph in a 65 mph zone and cited for violating R.C. 4511.21(D)(2), which provides that no person shall operate a motor vehicle at speeds exceeding 65 mph on a freeway.

**{¶3}** After a clerk noted on the dust jacket that the violation was a misdemeanor of the third degree, defense counsel filed a motion to exclude prior traffic violations derived from uncounseled guilty pleas, urging that although an uncounseled plea can be used to enhance a sentence, it cannot be used to enhance the degree of the offense. The court was thus asked to refrain from proceeding under R.C. 4511.21(P)(1)(b) which raises a minor misdemeanor speeding violation to a fourth degree misdemeanor if the defendant has been convicted of two violations of R.C. 4511.21 within the past year or (c) which raises it to a third degree misdemeanor if the defendant has been convicted of three or more violations of R.C. 4511.21 within the past year. This motion was implicitly overruled. (The particular issue regarding uncounseled priors is not raised on appeal, but the motion is utilized by the state on appeal in support of one of its arguments.)

**{¶4}** A hearing was held on August 27, 2012. A plea agreement was contemplated but rejected by the defendant due to the court's statement that it would impose a license suspension. When the case was then called for trial on September 19, 2012, defense counsel stated that the prosecution and the defense are both of the opinion that a license suspension was not available on this offense and that the ticket charges only a minor misdemeanor. (Tr. 2). After the court refused to adopt a prepared judgment entry reflecting these statements, defense counsel asked if the court would accept a no contest plea. (Tr. 2-3). The court stated that it would.

**{¶5}** Counsel again urged that the offense was a minor misdemeanor because the charging instrument lists no prior offenses that would give rise to a different level of misdemeanor. (Tr. 3). Thus, he concluded that the speeding offense was charged as a minor misdemeanor, noting that the only item showing it was a third degree misdemeanor in the clerk's notation on the dust jacket. Counsel also reiterated that the prosecutor concurred that this is not an offense for which a license suspension could be attached. (Tr. 4).

**{¶6}** Regarding the first argument, the court replied that the prosecutor can amend the charge anytime he wants, up to and including the trial. As to the second argument, the court stated that regardless of how many priors are on a defendant's record, "the court has discretion at any time to suspend a license if they deem it's appropriate." (Tr. 4).

**{¶7}** The prosecutor then placed the facts on the record, including that it was 12:45 p.m., the pavement was dry, the visibility was clear, the weather was not adverse, there was moderate traffic in a rural area, and there was no near-crash. (Tr. 4-5). The court accepted the no contest plea to speeding and found appellant guilty.

**{¶8}** The court stated that this was appellant's fifth conviction in the past year, imposed a $150 fine plus court costs, and suspended appellant's license for 90 days. (Tr. 6-7). Appellant filed a timely notice of appeal from the September 19, 2012 judgment entry imposing this sentence.

ASSIGNMENT OF ERROR NUMBER ONE

**{¶9}** Appellant's first assignment of error provides:

{¶10} "The trial court erred in imposing a driver's license suspension on Mr. Boafor relative to his traffic charge."

{¶11} Appellant argues that, pursuant to R.C. 4510.15, the trial court cannot impose a license suspension in every traffic case or even in every speeding case as the court seemed to suggest. Appellant urges that a license suspension can only be imposed if the charge not only generally but also factually relates to reckless operation. And, he also posits that a court must make a finding of reckless operation.

{¶12} As to the latter argument, the state responds that no specific finding of reckless operation must be announced by the sentencing court. *See State v. Secrest*, 9th Dist. No. 04CA23, 2004-Ohio-4588, ¶ 7; *State v. Jamnicky*, 9th Dist. No. 03CA39, 2004-Ohio-324, ¶ 16. As to the main argument here, the state admits that the factual circumstances surrounding the violation must be evaluated in order to impose a suspension under R.C. 4510.15 as the violation must be one "relating to reckless operation." *See id.* Still, the state postulates that the court can also consider the offender's traffic history to determine if this violation relates to reckless operation.

{¶13} The statute at issue provides in pertinent part: "Whenever a person is found guilty under the laws of this state, or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of any such law or ordinance relating to reckless operation, the trial court of any court of record, in addition to or independent of all other penalties provided by law, may impose a class five suspension[1] of the offender's driver's or commercial driver's license or permit or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code." R.C. 4510.15.

{¶14} As background for the application of this statute, we note that some courts previously held that this statute only applies if the offender is convicted under the reckless operation statute. However, the Supreme Court disagreed, holding that the statute empowers all courts of record to suspend a driver's license upon conviction of the violation of any law or ordinance relating to reckless driving. *City of*

*Akron v. Willingham*, 166 Ohio St. 337, 338, 142 N.E.2d 652 (1957), interpreting former R.C. 4507.34 (which is now R.C. 4510.15). The Court generally stated that speeding is an offense relating to reckless operation, but the Court then recited the particular charge in that case in order to conclude that the defendant's guilty plea constituted an admission that he was driving without due regard[2] for the rights of others. *Id.* at 338-339. Specifically, the Court emphasized that the defendant pled guilty to a charge of unlawfully operating a motor vehicle "at the rate of 60 miles per hour, in a 25 mile per hour zone, such speed being greater than was reasonable and proper, having due regard to the traffic, surface, and width of said street, and other condition then existing, in violation of [city ordinance cited]." *Id.*

{¶15} Contrary to the trial court's suggestion here, a sentencing court does not have carte blanche discretionary authority to suspend a license for a traffic violation. *State v. Pessefall*, 87 Ohio App.3d 222, 226, 621 N.E.2d 1370 (4th Dist.1993) (in accordance with multiple other cases reviewed infra). Rather, there must be something in the operation of the vehicle that indicates recklessness. *Id.*

{¶16} Thus, the court assesses the driving at issue and all of the circumstances under which that driving took place to assess the threat to others. *Id.* As aforementioned, the state agrees with this general premise, citing Ninth District law. *See Secrest*, 9th Dist. No. 04CA23, at ¶ 7; *Jamnicky*, 9th Dist. No. 03CA39 at ¶ 16. *See also State v. Tamburin*, 145 Ohio App.3d 774, 780-781, 764 N.E.2d 503 (9th Dist.2001) (failure to stay in marked lanes charges related to recklessness because of particular facts such as that alcohol was involved and motorist almost caused an accident).

{¶17} In *Pessefall*, the defendant was cited with speeding for driving 70 mph in a 55 mph zone. The citation stated that the pavement was dry, traffic was light, and the area was a rural portion of a four-lane divided interstate. The trial court noted appellant's prior traffic record including a prior DUI and then imposed a license

---

[1]The state notes that a class five suspension ranges from six months to three years, and posits that appellant is lucky that the court only imposed 90 days. *See* R.C. 4510.02(A)(5).

[2]Note that the "due regard" phrase was used due to the Court's citation to the reckless operation statute, which previously contained this language. The reckless operation statute now requires willful or wanton disregard. R.C. 4511.20(A).

suspension. The Fourth District reversed stating: "That a speeding violation may be of a reckless character is beyond question. * * * However, in determining whether the violation relates to reckless operation, the facts surrounding the violation must be examined." *Pessefall*, 87 Ohio App.3d at 226, citing *Willingham*, 166 Ohio St. at 338 (60 mph in a 25 mph zone); *Mayfield Hts. v. Spreng*, 8th Dist. No. 52426 (Aug. 13, 1987) (118 mph in a 55 mph zone). *See also Columbus v. Tyson*, 19 Ohio App.3d 224, 484 N.E.2d 155 (1983); *State v. Hartman*, 41 Ohio App.3d 142, 144, 534 N.E.2d 933, 935, fn. 3 (12th Dist.1987) (court found no evidence of safety hazard justifying suspension where defendant was driving 65 mph in a 55 mph zone and the DUI charge had been dismissed as his alcohol level was under the legal limit).

{¶18} The Fourth District concluded that 70 mph in a 55 mph zone did not indicate recklessness in any form, especially since it occurred in the daytime with light traffic and no alcohol was involved. *Pessefall*, 87 Ohio App.3d at 226. The court also stated that it is improper to consider a driving record as the court is to consider only the circumstances of the offense being prosecuted in determining whether the offense at issue relates to reckless operation. *Id.*

{¶19} Moreover, the Second District has specifically held that a trial court cannot rely on the traffic history of the defendant to determine whether the present offense relates to reckless operation of a vehicle. *State v. Kelso*, 2d Dist. No. 2000CA10 (Oct. 6, 2000) (where the trial court stated that the defendant had three prior speeding tickets prior to the failure to yield at issue). That court also concluded the a failure to yield offense was not related to reckless operation where a motorist pulled out of a gas station after being waved out by another motorist. *Id.* (adding that even speeding is not reckless per se). Thus, that court reversed the license suspension, while noting that this has nothing to do with the BMV's ability to administratively suspend a license based upon traffic history. *Id.* at fn.2.

{¶20} In another case, the Second District explained, with regards to the offense of improper passing, that some factual scenarios constituting this offense would probably not be related to reckless operation, such as where a motorist forgets to use a turn signal to pass and there is no near-accident. *State v. Short*, 2d Dist. No. 2003-CA-42, 2004-Ohio-5985, ¶ 4. But, where the citation states that the

motorist attempted to pass several vehicles forcing the oncoming patrol car to brake and leave the roadway to avoid him, the record sufficiently shows the particular conduct of improper passing relates to reckless operation so that a license suspension is proper. *Id.* at ¶ 8-9, 11.

**{¶21}** An example of a license suspension that was upheld on a speeding violation exists in a case where the defendant was driving 22 mph over the speed limit while weaving in and out of the center lane to pass at least five vehicles. *State v. Williams*, 2d Dist. No. 2011CA18, 2012-Ohio-725, ¶ 29. The court found those facts sufficient for the sentencing court to find that the particular conduct constituting speeding in that case related to his reckless operation of the motor vehicle. *Id.*

**{¶22}** In a case relied upon by the state here, the Ninth District found that the trial court did not abuse its discretion in imposing a license suspension under former R.C. 4510.15 where the defendant was driving 81 mph in a 55 mph zone (26 mph over the speed limit) and he was passing other vehicles. *Secrest*, 9th Dist. No. 04CA23 at ¶ 8. In the other case cited by the state, the Ninth District reviewed the particular facts of the case and upheld a license suspension for speeding on a dry, four-lane divided highway in a rural area in the middle of the day. *Jamnicky*, 9th Dist. No. 03CA39 at ¶ 9. However, that case involved a motorcycle operator driving 89 mph in a 55 mph zone (34 miles over the speed limit), and although it was called a highway, the officer stated that the motorist "had just passed an intersection". *Id.*

**{¶23}** We pause here to note that contrary to appellant's alternative argument, the court need not specifically place a finding of reckless operation in the record. *See Secrest*, 9th Dist. No. 04CA23, at ¶ 7; *Jamnicky*, 9th Dist. No. 03CA39 at ¶ 16. There is nothing in the statute requiring such a finding, and we shall not create such a requirement. Rather, the record must support the application of the license suspension available under R.C. 4510.15.

**{¶24}** However, contrary to the state's suggestion, the driving record of the defendant is not relevant to an evaluation under the plain language of R.C. 4510.15, which refers to the violation at issue relating to reckless operation. *See, e.g., State v. Wilson*, 2d Dist. No. 2003-CA-9, 2003-Ohio-4083, ¶ 17 ("driver's past driving record is not a proper consideration in determining whether a driver's speeding related to

reckless operation," but court could not ascertain whether magistrate considered this record and defendant failed to file objections to magistrate's decision); *Kelso*, 2d Dist. No. 2000CA10 (Oct. 6, 2000) (court may not properly rely on driving history in determining whether this violation related to reckless operation); *Pessefall*, 87 Ohio App.3d at 226 (4th Dist.) (court can consider only the circumstances of the offense upon which the sentence is being pronounced without considering prior record); *State v. Zimmerman*, 5th Dist. No. CA-8609 (Jan. 21, 1992) (noting that although the BMV can suspend a license for so many points in a two-year period, trial court cannot suspend a license for speeding 12 mph over the limit where the only negative fact is his prior history).

**{¶25}** Past traffic tickets do not make a current violation more reckless; in other words, the existence of a prior moving violation does not make a current act more threatening to the other motorists. *See id. See also Cincinnati v. Ryan*, 13 Ohio St.2d 83, 234 N.E.2d 596 (1968) (statute does not provide for license suspension for the charge of driving under suspension). The modern cases reviewed proceed under this premise. The state's own citations to *Secrest* and *Jamnicky* support this conclusion as those cases both held that the trial court is to consider the facts surrounding *the particular violation at issue* to determine whether that violation is related to reckless operation. *See Secrest*, 9th Dist. No. 04CA23, at ¶ 7; *Jamnicky*, 9th Dist. No. 03CA39 at ¶ 16.

**{¶26}** Thus, we now evaluate the particular circumstances existing at the time the speeding offense was committed. Here, appellant was speeding on Interstate 680 in Austintown, an actual freeway with no intersections. It was May 13 in the middle of the day at 12:45 p.m. The pavement was dry. The visibility was clear. There was no rain or snow or fog or other adverse weather conditions. The officer labeled it as a rural area. There was no crash or near-crash or indication of erratic driving. Traffic was moderate but not heavy. No alcohol was involved.

**{¶27}** Appellant was driving 77 mph in a 65 mph zone. This is 12 mph over the speed limit. This is much different than: the Supreme Court's *Willingham* case where the defendant drove 60 mph in a 25 mph zone (35 mph over the limit); the Ninth District's *Jamnicky* case, cited by the state, where the motorcycle driver drove

89 mph in a 55 mph zone (34 mph over the limit); the Ninth District's *Secrest* case, cited by the state, where the defendant drove 81 mph in a 55 mph zone (26 mph over the speed limit); the Second District's *Williams* case where the defendant drove 22 mph over the speed limit while weaving in and out of center lane to pass five cars; or their *Short* case where the defendant attempted to pass several vehicles and forced the oncoming patrol car to brake and leave the roadway.

{¶28} Rather, the cases reversing license suspensions are more on point here. *See, e.g., Pessefall*, 87 Ohio App.3d at 226 (70 mph in a 55 mph zone); *Kelso*, 2d Dist. No. 2000CA10 (failure to yield offense is not necessarily related to reckless operation); *City of Maple Heights v. Gabarik*, 8th Dist. No. 74234 (Sept. 24, 1998) (defendant did not operate recklessly where he was convicted of red light violation due to mere fact that he illegally turned right on red even though his friend followed him through the red light and caused an accident); *Hartman*, 41 Ohio App.3d 142 (license suspension reversed by Twelfth District as exceeding the speed limit by 10 mph and testing under the legal limit for DUI did not constitute a clear safety hazard to others).

{¶29} Most on point, is a case where the only negative fact surrounding the speeding offense upon which sentence was entered was that the motorist drove 67 mph in a 55 mph zone. This is 12 mph over speed limit, the same overage as exists in the case at bar. The Fifth District concluded that this constituted insufficient evidence to show that the speeding charge was related to reckless operation of the vehicle and reversed the license suspension imposed by the trial court. *Zimmerman*, 5th Dist. No. CA-8609 (but noting that the *BMV* can suspend a license if the driver had 12 points within two years).

{¶30} In conclusion, this assignment of error has merit as the facts here were not sufficient to support a finding that the conduct constituting the speeding violation related to reckless operation. The license suspension is thus vacated.

<u>ASSIGNMENT OF ERROR NUMBER TWO</u>

{¶31} Appellant's second assignment of error provides:

{¶32} "The trial court erred in sentencing Mr. Boafor to a graded misdemeanor traffic ticket rather than a minor misdemeanor traffic ticket."

{¶33} As aforementioned, the ticket here charged appellant with speeding 77 mph in a 65 mph zone under R.C. 4511.21(D)(2), which provides that no person shall operate a motor vehicle at speeds exceeding 65 mph on a freeway. Pursuant to R.C. 4511.21(P)(1)(a), a violation of the statute is a minor misdemeanor except as otherwise provided therein.

{¶34} The next subsection provides that the offense is a misdemeanor of the fourth degree if, within one year of the offense, the offender has been twice convicted of a violation of R.C. 4511.21 or a substantially similar municipal ordinance. R.C. 4511.21(P)(1)(b). The offense is a misdemeanor of the third degree if, within one year of the offense, the offender has three or more prior convictions under this section. R.C. 4511.21(P)(1)(c).

{¶35} Appellant urges that by merely charging him with speeding under R.C. 4511.21(D)(2), the ticket charged a minor misdemeanor. He concludes that a court can only convict on a higher degree of misdemeanor if the ticket charges it as such by listing predicate offenses or indicating the higher degree of offense by stating that degree or by citing to R.C. 4511.21(P)(1)(b) or (c). Appellant cites Crim.R. 3, which provides that the complaint is a written statement of the essential facts constituting the offense charged and that it shall state the numerical designation of the applicable statute or ordinance. In replying to the trial court's statement, that the prosecutor can amend the charging document at any time, appellant urges that, although the state could have amended, no amendment in fact took place here. Appellant emphasizes that he was never served with the dust jacket constructed by the clerk.

{¶36} The state responds that the Traffic Rules apply, and they simply require the offense be charged in a manner readily understood, meaning that the defendant had notice of the nature and cause of the accusation, citing *Bellville v. Keiffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, ¶ 19. The state notes that the *Bellville* case held that notice is satisfied when the defendant is apprised of the nature of the charge together with a citation of the statute involved. The state argues that the defendant cannot argue a lack of notice because he knew that the case jacket listed the offense as a third degree misdemeanor, he pointed out that fact prior

to pleading, and he filed a pretrial motion months before pleading which recognized that the offense may be a third degree misdemeanor.[3]

**{¶37}** We should start by noting appellant was not sentenced in a manner higher than a minor misdemeanor allows: no jail or probation was imposed, and the fine was $150. *See* R.C. 2929.28(A)(2) ($150 is the maximum fine for a minor misdemeanor). Thus, the only issue here is whether appellant's record will show a third degree misdemeanor or a minor misdemeanor.

**{¶38}** Notably, the trial court did not make it clear that appellant was convicted of a third degree misdemeanor. The judgment of conviction does not state the degree of the offense, appellant was not asked to plead to a certain degree of offense, and the court did not actually announce at the sentencing hearing what degree of misdemeanor appellant was found guilty.

**{¶39}** The trial court seemed to reject appellant's argument concerning the degree of the offense. But, its response to appellant's argument was that the prosecutor could amend at any time, which did not occur as the prosecutor apparently disagreed with the trial court's position. Still, the court opined at sentencing that it could impose a jail sentence. (Tr. 7). As no jail sentence can be imposed for a minor misdemeanor, the trial court was apparently proceeding as though the offense was more than a minor misdemeanor. *See* R.C. 2929.24(A) (listing jail terms). And, since the clerk labeled the offense as a third degree misdemeanor, the clerk would also likely transmit that information to the BMV accordingly. Thus, we proceed to analyze whether appellant's offense must be recategorized as a minor misdemeanor.

**{¶40}** Traf.R. 3, rather than Crim.R. 3, is initially applicable here. *See* Crim.R. 1(C)(3) (to extent specific procedure provided by other rules or by their nature clearly inapplicable, Criminal Rules shall not apply to procedure in cases covered by the Uniform Traffic Rules); Traf.R. 1(A) (providing applicability of Traffic Rules in traffic

---

[3]As aforementioned, this motion asked to exclude prior uncounseled traffic pleas as degree enhancers and stated that prior offenses are actual elements of the current offense when they are used to elevate the degree of offense. Attached to this motion were copies of the dockets in three traffic convictions: a February 2012 speed, a February 2012 failure to control, and a January 2012 failure to register a vehicle.

cases); Traf.R. 2(A) (defining a traffic case); *City of Barberton v. O'Connor*, 17 Ohio St.3d 218, 221, 478 N.E.2d 803 (1985). Pursuant to that rule, the complaint and summons shall be the Ohio Uniform Traffic Ticket, which shall be used in all moving violations. Traf.R. 3(A), (C). In general, a traffic ticket need only advise the defendant of the offense in a manner that can be readily understood by a person making a reasonable attempt to understand. *O'Connor*, 17 Ohio St.3d at 221.

**{¶41}** In *O'Connor*, the Court concluded that a defendant charged with DUI under a listed ordinance was sufficiently charged even though the ticket did not specify if he was under the influence of alcohol or drugs. *Id.* at 222 ("A Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged."). The Court stated that the defendant should have known what substance was alleged, noting that the alcohol report was filed with the court, or that he should have taken steps to find out by asking the prosecutor to amend the complaint or seeking a bill of particulars. *Id.* at 221. It was emphasized that the defendant never attempted to have any defects in the complaint corrected and waited until after pleading and being sentenced to claim for the first time that he was not properly charged with an offense. *Id.* at 221-222.

**{¶42}** That case is distinguishable as it did not involve an elevated degree of the offense based upon a prior record. Moreover, defense counsel here did have discussions with the prosecutor (who seemed to agree with the defense on the issue), and the defense raised the issue to the trial court before pleading.

**{¶43}** The case relied upon by the state here reiterates that the traffic citation must provide notice of the nature of the charge and that notice can be satisfied where the ticket apprises the defendant of the nature of the charge and provides a citation to the statute at issue. *Bellville*, 114 Ohio St.3d 124, at ¶ 19. The *Bellville* Court further stated that citation to the specific subsection has not been required to fulfill this function. *Id.* at ¶ 20.

**{¶44}** The *Bellville* holding could dispose of an argument, for instance, that a ticket does not charge speeding sufficiently where it cites R.C. 4511.21(D) without citing to R.C. 4511.21(D)(2) (which deals with speeds over 65 mph on a freeway).

*See id.* at ¶ 2, 8-14, 20. However, such a conclusion would not address the issue of the degree of the offense. Thus, the Supreme Court's *Bellville* case is not on point to the specific issue here of enhanced degrees.

**{¶45}** As appellant points out, where the existence of prior convictions enhance only the *penalty* for the offense, such matter is a mere sentencing consideration. *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987). However, where the existence of prior convictions elevates the *degree* of the offense, additional elements must be alleged and proven. *State v. Owen*, 134 Ohio St.3d 284, 982 N.E.2d 626, 2012-Ohio-5046, ¶ 11, citing *id.* Hence, the prior traffic convictions are additional elements which must be alleged in order to charge a third degree misdemeanor and then must be pled to or proven. This leads to a discussion of R.C. 2945.74, which provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

(B)(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section. * * *

**{¶46}** Thus, "if a charge omits to specify the additional elements or to specify the degree, it is effective to charge only the lowest degree of the offense." Staff Note to R.C. 2945.75 (1973). *See also State v. Tamburin*, 145 Ohio App.3d 774, 778, 764 N.E.2d 503 (9th Dist.2001) (ticket stating "4th offense DUI" is insufficient to elevate a misdemeanor to a felony because it neither states the degree of the offense nor the additional element that the defendant had three prior DUIs *within six years*).

**{¶47}** We next note that Traf.R. 3(C) states that the officer who provided a traffic ticket to a motorist need not type a new complaint when he files the ticket with the court unless the ticket is illegible or does not state an offense, *in which case a copy of the new complaint shall be served upon the defendant*. Here, the complaint states an offense, and the officer did not amend it to ensure he states a charge of the higher degree as per Traf.R. 3(C). Rather, we are faced with a trial court sua sponte convicting of the highest degree of the offense.

**{¶48}** If the Traffic Rules provide no specific procedure on a topic, then the Criminal Rules apply. Traf.R. 20. Thus, Crim.R. 7(D) has been applied to cases where the trial court grants the prosecutor's request to amend a traffic ticket. *See State v. Campbell*, 100 Ohio St.3d 361, 2003-Ohio-6804, 800 N.E.2d 356 (upholding amendment of ticket charging DUI for breath testing over the limit where, instead of citing R.C. 4511.19(A)(6) {dealing with breath test}, the officer cited R.C. 4511.19(A)(5) {dealing with blood test}). Under said rule, the court may at any time

before, during, or after a trial amend the complaint in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, "provided no change is made in the name or identity of the crime charged." Crim.R. 7(D)

{¶49} On this topic, the Supreme Court has held that Crim.R. 7(D) does not permit amendment of the charge when it changes the penalty or degree of the charge offense because such a change alters the identity of the offense. *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-3547, 903 N.E.2d 609, ¶ 1 (trial court reversed where indictment alleged the fourth degree felony of selling drugs less than the bulk amount, but trial court amended the charge to increase the amount of drugs so that the offense became a second degree felony). Even though no change is made to the name of the offense, this change to the penalty or degree of the offense constitutes a change in the identity of the offense as prohibited by Crim.R. 7(D). *Id.* at ¶ 5, 9, 13.

{¶50} This court has previously had a case similar to the one at bar. In *Carr*, the speeding ticket generally alleged a violation of Youngstown City Ordinance 333.03. This ordinance initially characterizes speeding as a minor misdemeanor. But, if the offender was convicted of another traffic violation within the prior year, the ordinance makes the offense a fourth degree misdemeanor. And, if the offender was convicted of two or more traffic violations within the prior year, the offense is a third degree misdemeanor. The trial court convicted the *Carr* defendant of fourth degree misdemeanor speeding based upon her record.

{¶51} In reversing the trial court, this court cited the law set forth by the Supreme Court in *Allen* and the Ninth District in *Tamburin*. *State v. Carr*, 7th Dist. No. 01CA162, 2003-Ohio-331, ¶ 29. We also quoted R.C. 2945.75(A)-(B). *Id.* at ¶ 32-36. We then held that the defendant had no notice that the trial court could or would sua sponte enhance the degree of her offense because the ticket she received did not reflect prior offenses. *Id.* at ¶ 37.

{¶52} We also concluded that there was nothing presented at sentencing to substantiate the court's finding regarding a prior offense, noting that the court enhanced the degree of the speeding offense based on something characterized as "the record" but not introduced or made part of the actual record. *Id.* at ¶ 37-38. For

these reasons, we modified the defendant's speeding conviction from a fourth degree misdemeanor to a minor misdemeanor. *Id. Compare State v. Zimmerman*, 5th Dist. No. CA-8609 (Jan. 21, 1992) (finding that the trial court properly treated the speeding charge as a third degree misdemeanor *where the ticket specified* that it was the defendant's fifth violation in a year).

**{¶53}** Finally, we note here that courts have applied R.C. 2945.75(A)(2) to require the trial judge to state the degree of the offense either in open court or in the judgment entry. *See Cleveland v. Benn*, 8th Dist. No.80674, 2002-Ohio-3796, ¶ 19, 26-27 (lowering degree of speeding to minor misdemeanor because court's entry did not state degree of offense); *Zimmerman*, 5th Dist. No. CA-8609 (since judge stated offense was third degree misdemeanor while rendering his verdict in open court, compliance with R.C. 2945.75(A)(2) was sufficient).

**{¶54}** In applying all of this law, there are various reasons why appellant's speeding conviction should be modified to show that it is only a minor misdemeanor. Appellant pled no contest, which is an admission to the truth of the facts alleged in the complaint. *See* Traf.R. 10(B)(2). The complaint here does not contain facts about prior offenses within a year and does not mention a third degree misdemeanor or cite subsection (P)(1)(b) or (c) related to degree enhancing. And, the trial court did not specifically ask him to plead to a third degree misdemeanor or specifically find him guilty of a third degree misdemeanor either in open court or in a judgment entry. A defendant cannot be tried for an elevated degree of a misdemeanor based merely upon a clerk saying so on a dust jacket.

**{¶55}** Nor can the duty of the legal system be satisfied by a defense motion regarding prior uncounseled convictions. In any event, that motion only referred to three priors, only one of which was speeding and one of which was not even a moving violation. Rather, the ticket must provide notice of the additional element in some manner either by citing subsection (P)(1)(b) or (c), by stating the number of predicate offenses within a year, or by stating the degree of the offense.

**{¶56}** We cannot conclude that the defendant's objection to the court proceeding as if this were a third degree misdemeanor shows he had notice and was not prejudiced. Rather, the objection helped preserve the issue. Had he failed to

object, the state would have argued that he waived the issue. *See O'Connor*, 17 Ohio St.3d at 221-222 (stating that defendant should have objected).

**{¶57}** As mandated by R.C. 2945.75(A)(1), the elements making an offense more serious must be alleged in the complaint or the complaint must state the degree of the offense. And, as the Supreme Court held in *Davis*, an amendment changing the degree of the offense is plainly erroneous under Crim.R. 7(D) as such amendment changes the identity of the offense.

**{¶58}** In any event, yet another issue independently permits this modification. Appended to the trial court's file is a May 15, 2012 BMV printout of appellant's driving record. This printout shows that appellant was convicted of the following five traffic violations within the year prior to the speed at issue: traffic control light in March 2012, speed in February 2012, failure to control in February 2012, failure to register a vehicle in January 2012, and speed in August 2011 in New York.

**{¶59}** The trial court presumably relied on this printout at sentencing when it stated that appellant had five prior convictions in a year. (Tr. 6). However, it was not time-stamped; nor was it introduced at sentencing. Thus, it is not actually part of the record. Furthermore, it is not a certified copy of a BMV record. *See* R.C. 2945.75(B)(2) (certified copy of BMV record). *See also* R.C. 2945.75(B)(2) (certified copy of judgment of prior conviction could also be used). For these reasons, reliance on it as a degree enhancer is in error. *See Carr*, 7th Dist. No. 01CA162 at ¶ 38. Still, the three offenses that appellant acknowledged in his written motion could be considered regardless of this issue. *See State v. Gwen*, 124 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 14, 21 (defendant's admission to prior is another example of proving prior conviction).

**{¶60}** Despite the consequences of that evidentiary issue, R.C. 4511.21(P)(1) has been misread here. In speaking of enhancing the degree of the offense, the statute specifically refers to prior "violations of any provision *of this section* or of any provision of a municipal ordinance that is substantially similar to any provision of this section * * *." (Emphasis added). R.C. 4511.21(P)(1)(b) or (c).

**{¶61}** The offenses involving a traffic control light, failure to control, and failure to register a vehicle are all prohibited under other sections of the Revised Code.

*See, e.g.,* R.C. 4503.11 (failure to register vehicle); R.C. 4511.12(A) (traffic control device); 4511.202(A) (operation without reasonable control). *These three offenses are not in section 4511.21.*

**{¶62}** That leaves us to consider the two prior speeding convictions on appellant's record. Firstly, if the New York speeding conviction could be used in conjunction with the prior similar Ohio conviction, the enhancement would only be to a fourth degree misdemeanor, not a third degree misdemeanor. See R.C. 4511.21(P)(1)(b) (two prior speeding convictions within a year makes the speeding offense a fourth degree misdemeanor). Regardless, the New York speeding conviction cannot be used here.

**{¶63}** A New York speeding conviction is not a conviction under section 4511.21. As for the statutory alternative involving a prior conviction of a substantially similar municipal ordinance, even if this language could be applied to a prior speeding violation cited under a similar ordinance of some city in New York, there is no evidence that appellant's New York speed violation was ticketed under a city ordinance. It could very well have been derived from a violation of New York state law.

**{¶64}** Another state's law is not a municipal ordinance. If section 4511.21 intended to allow consideration of speeding offenses from other states, it would have also stated, "or substantially similar law of another state". *Compare* R.C. 2903.06(G)(2) (where the vehicular homicide statute specifically provides: "For the purposes of this section, when a penalty or suspension is enhanced because of a prior or current violation of a specified law or a prior or current specified offense, the reference to the violation of the specified law or the specified offense includes any violation of any substantially equivalent municipal ordinance, former law of this state, *or current or former law of another state* or the United States."); R.C. 4511.181 (defining an equivalent offense as including a "violation of an existing or former municipal ordinance, *law of another state,* or law of the United States that is substantially equivalent to [our DUI statutes]"). (Emphasis added to both quotes)

**{¶65}** Thus, even if the BMV printout can be relied upon, appellant had *only one* prior conviction for a violation of section 4511.21 or a substantially similar

municipal ordinance: the February 2012 speed conviction from Mahoning County. Because he had only one qualifying prior, even if he had been properly charged, appellant's traffic history would not support a conviction of more than a minor misdemeanor under R.C. 4511.21(P)(1). Based upon all of the foregoing considerations, this assignment of error has merit.

{¶66} For the following reasons, both of appellant's assignments of error are sustained, appellant's license suspension is vacated, and his speeding conviction is modified to reflect only a minor misdemeanor.

Donofrio, J., concurs.
Waite, J., concurs.